# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Thomas C. Grimm
302 351 9595
302 425 4661 Fax
tgrimm@mnat.com

April 7, 2006

**BY E-FILING**

The Honorable Gregory M. Sleet
United States District Court
  for the District of Delaware
844 King Street
Wilmington, DE  19801

      Re:    *Automotive Technologies International, Inc. v. American Honda Motor Co., Inc., et al.*, C.A. No. 06-187-GMS

Dear Judge Sleet:

      Yesterday the parties filed a Stipulation and Order to Extend Time (D.I. 8), which requested a 60-day extension for the defendants to respond to the Complaint. We understand that the Court has requested that we provide the reasons leading to the request. This letter will provide a brief explanation.

      The Complaint named three defendants, Elesys North America Inc. ("Elesys") and two of its customers, American Honda Motor Co., Inc. ("Honda") and General Motors Company ("G.M."). Elesys has complex contractual relationships with its customers that are currently being evaluated. Among other things, the defendants need to determine whether Elesys must indemnify its customers, in whole or in part, for any damages that could result from the action. The defendants also must determine whether Elesys has a duty to defend, in whole or in part. The defendants have been diligently conducting this determination, but it is likely to take several more weeks to complete. In addition, the defendants have been trying to arrange a meeting to attempt to coordinate the defense of this action but because of the numbers of individuals needed for the meeting and their heavy schedules, the meeting is unlikely to occur for several weeks.

      The defendants also need the extension to analyze the extensive allegations of the Complaint. The Complaint asserts eleven (11) patents against four (4) specific products of Elesys, twenty-eight (28) specific products of Honda and (10) specific products of G.M. and several additional but unnamed products of the defendants. The defendants only learned of many

The Honorable Gregory M. Sleet
April 7, 2006
Page 2

of these allegations, when it learned of the Complaint. Elesys received its copy from plaintiff on Monday, April 3, 2006. The due diligence required to satisfy the stringent requirements of Rule 11 is enormous in this case. Each of the eleven patents has an extensive file history and resulted from a large chain of applications. For example, one of the patents U.S. Patent No. 6,942,248 issued from a chain of over thirty (30) separate applications. Each of the patents also has an unusually large number of claims. For example, U.S. Patent No. 6,869,100 has sixty-two (62) claims. The complicated nature of the patents and the large number of products alleged to infringe make this case far from ordinary.

Defendants are diligently undertaking the Herculean task of analyzing the allegations of the Complaint while they are also sorting out their roles and obligations in the defense of this action. While defendants considered seeking even more time to respond to the Complaint, they believed it reasonable to seek no more than the sixty (60) days requested, to which plaintiff agreed. If the Court needs any further information, counsel will make themselves available at the Court's convenience.

Respectfully,

*Thomas C. Grimm*

Thomas C. Grimm (#1098)

TCG
cc:   Dr. Peter T. Dalleo, Clerk (by hand)
      Richard K. Herrmann, Esquire (by e-filing)
      Timothy Q. Delaney, Esquire (by e-mail)