IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC., a Delaware corporation, <br><br>　　　　Plaintiff, <br><br>vs. <br><br>AMERICAN HONDA MOTOR COMPANY, a California corporation, ELESYS NORTH AMERICA, INC., a Georgia corporation, and GENERAL MOTORS CORPORATION, a Delaware corporation, <br><br>　　　　Defendants. | C.A. No. 06-187 GMS <br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff, Automotive Technologies International, Inc., amends its Complaint as a matter of course against Defendants American Honda Motor Company, Elesys North America, Inc., and General Motors Corporation, and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.　Plaintiff Automotive Technologies International, Inc. ("ATI") is a Delaware corporation.

2.　Defendant American Honda Motor Company ("Honda") is a California corporation. Defendant Honda imports and sells in the United States automobiles manufactured in Japan and the United States under the "Honda" and "Acura" names.

3. Defendant Elesys North America, Inc. ("Elesys") is a Georgia corporation. Elesys is a supplier of products to the automotive industry.

4. Defendant General Motors Corporation ("GM") is a Delaware corporation. GM sells vehicles in the United States under the "Buick," "Pontiac," and "Saturn" names, among others.

5. This is an action for patent infringement. All of the acts of patent infringement complained of in this Complaint occurred, among other places, within this judicial district.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331 over this infringement action, arising under the Patent Act, 35 U.S.C. §1 et seq., including §§ 271 and 281-285.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), (c) and 28 U.S.C. §1400(b). The Court has personal jurisdiction over each of the parties.

**GENERAL ALLEGATIONS**

8. The following patents have been issued duly and legally to Plaintiff ATI on the following dates:

   a. U.S. Patent No, 5,901,978 entitled "Method and Apparatus for Detecting the Presence of a Child Seat," issued May 11, 1999. (Exhibit 1)

   b. U.S. Patent No. 6,242,701 entitled "Apparatus and Method for Measuring Weight of an Occupying Item of a Seat," issued June 5, 2001. (Exhibit 2)

   c. U.S. Patent No. 6,325,414 entitled "Method and Arrangement for Controlling Deployment of a Side Airbag," issued December 4, 2001. (Exhibit 3)

   d. U.S. Patent No. 6,397,136 entitled "System for Determining the Occupancy State of a Seat in a Vehicle," issued May 28, 2002. (Exhibit 4)

    e.    U.S. Patent No. 6,422,595 entitled "Occupant Position Sensor and Method and Arrangement for Controlling a Vehicular Component Based on an Occupant's Position," issued July 23, 2002. (Exhibit 5)

    f.    U.S. Patent No. 6,869,100 entitled "Method and Apparatus for Controlling an Airbag," issued March 22, 2005. (Exhibit 6)

    g.    U.S. Patent No. 6,757,602 entitled "System For Determining the Occupancy State of a Seat in a Vehicle and Controlling a Component Based Thereon," issued June 29, 2004. (Exhibit 7)

    h.    U.S. Patent No. 6,712,387 entitled "Method and Apparatus for Controlling Deployment of a Side Airbag," issued March 30, 2004. (Exhibit 8)

    i.    U.S. Patent No. 6,942,248 entitled "Occupant Restraint Device Control System and Method," issued September 13, 2005. (Exhibit 9)

    j.    U.S. Patent No. 6,958,451 entitled "Apparatus and Method for Measuring Weight of an Occupying Item of a Seat," issued October 25, 2005. (Exhibit 10)

    k.    U.S. Patent No. 6,484,080 entitled "Method and Apparatus for Controlling a Vehicular Component," issued November 19, 2002. (Exhibit 11)

    l.    U.S. Patent No. 6,850,824 entitled "Method and Apparatus for Controlling a Vehicular Component," issued February 1, 2005. (Exhibit 12)

9. All of the patents set forth in paragraph 8, a-l (collectively, "the ATI Patents"), are valid, subsisting, enforceable, and are presently owned by ATI and have been owned by ATI for all times relevant hereto.

10. The general subjects covered by the ATI Patents include, but are not limited to occupant sensing, position sensing, weight sensing, airbag deployment, and related systems as used in a vehicle containing airbags.

11. Among the products made, sold, used, or imported by Elesys are the following:

    a.    "Passenger Sensing System";

    b.    "Seat Sentry System";

    c.    "Occupant Detection System"; and

    d.    "Low Risk Deployment System".

12. Elesys sells some or all of the above systems, either singularly or in combination, to Defendants Honda and GM. Upon information and belief, Elesys has supplied Honda since approximately 2001. Upon information and belief, Elesys has supplied GM since 2004. Elesys has recently announced the intention to supply the product systems, or some of them, to approximately 1.1 million additional GM vehicles.

13. All of the product systems referenced above infringe, directly or by contributory infringement, the ATI Patents. None of the Defendants has any right or license from ATI under the ATI Patents.

14. Defendant Honda makes, uses, imports and/or sells vehicles with an occupant position detection system called Occupant Position Detection System ("OPDS") in various model Hondas and Acuras sold in the United States. The OPDS system may vary slightly from model to model, but on information and belief, contains the Elesys Passenger Sensing System, the Occupant Detection System, the Seat Sentry and/or the Low Risk Deployment System (since 2006). Certain portions of the OPDS system are supplied by other automotive suppliers. Among the variations of the OPDS system used in Honda and Acura vehicles is a system employing a strain gage weight sensor and/or seat belt sensors. The OPDS system comprises and controls, or works in conjunction with a controller for, among other things, suppressing or allowing the deployment of side airbags and side curtain airbags in a vehicle equipped with the system(s). Upon information and belief, the OPDS system has been used in the following models:

| Year | Model |
|---|---|
| 2002 | Honda Accord |
| 2003 | Honda Accord |
| 2003 | Honda Civic Hybrid |
| 2004 | Honda Accord |
| 2005 | Honda Odyssey |
| 2005 | Honda Pilot |
| 2005 | Honda Accord Hybrid |

| Year | Model |
|---|---|
| 2005 | Honda Accord |
| 2005 | Honda Element |
| 2006 | Honda Element |
| 2006 | Honda Accord |
| 2006 | Honda CRV |
| 2006 | Honda Ridgeline |
| 2006 | Honda Civic |
| 2006 | Honda Accord Hybrid |

| Year | Model |
|---|---|
| 2001 | Acura MDX |
| 2002 | Acura MDX |
| 2002 | Acura 3.2 CL |
| 2003 | Acura TL |
| 2003 | Acura MDX |
| 2004 | Acura TL |
| 2004 | Acura MDX |
| 2005 | Acura TL |
| 2005 | Acura MDX |
| 2006 | Acura TSX |
| 2006 | Acura TL |
| 2006 | Acura RL |
| 2006 | Acura MDX |

15.  Upon information and belief, additional Honda and Acura models to those listed in paragraph 14 have been equipped with the OPDS system, and continue to be sold in the United States with the OPDS system.

16.  Each of the vehicles listed above, and those vehicles not specifically listed but which use the system described above, infringe the ATI Patents.

17.  Defendant Honda markets and sells these models to the public. Defendant will continue to do so unless enjoined by this Court.

18.  Defendant GM makes, uses, and sells vehicles which employ some or all of the Elesys product systems set forth above in paragraph 11, called in some instance, the Passenger Presence System. Certain GM vehicles use the Elesys systems in conjunction with seatbelt

5

sensors. The Elesys system in GM vehicles comprises and controls, or works in conjunction with a controller for, among other things, suppressing or allowing the deployment of side airbags and side curtain airbags in a vehicle equipped with the system(s). Upon information and belief the Elesys systems are supplied in the following GM vehicles:

| Year | Model |
|---|---|
| 2005 | Pontiac G6 |
| 2006 | Pontiac G6 |
| 2005 | Pontiac Grand Prix |
| 2006 | Pontiac Grand Prix |
| 2005 | Saturn Ion |
| 2006 | Saturn Ion |
| 2005 | Saturn Vue |
| 2006 | Saturn Vue |
| 2005 | Buick LaCrosse |
| 2006 | Buick LaCrosse |

19. Upon information and belief, GM makes and sells other models than those listed in Paragraph 17 with the Passenger Presence System or other-named system using Elesys products. Each of the vehicles listed above, and those vehicles not specifically listed but which use the system described above, infringe the ATI Patents set forth in paragraph 8, with the exception of the '387, '451, '414, and '701 Patents. Defendant GM markets and sells these models to the public. Defendant will continue to do so unless enjoined by this Court.

### ACTUAL KNOWLEDGE OF ATI'S PATENTS

20. At least as early as February, 2004, ATI advised Elesys of the existence of various of the above-listed patents and sought to discuss the license of the ATI Patents to Elesys. Elesys was formed as a joint venture between Defendant Honda and a third-party, NEC, Inc., another automotive supplier. Upon information and belief, as of February, 2004, Honda had knowledge

of various of the ATI patents at issue in this case. Additionally, certain of the patents at issue in this action have been actually known to NEC and Honda, Japan, earlier than February, 2004.

21.     In addition to the above, beginning in October, 2005, ATI placed Honda on notice of certain patents at issue in this lawsuit via written communications with Koichi Kondo, William R. Willen, of Honda, and Takeo Oi, Intellectual Property Division of Honda Motor Company, Ltd. in Japan. As a result, Honda has known of certain if not all of the patents at issue in this case prior to this Complaint.

## DAMAGES

22.     As a result of the above infringement, ATI has been damaged, and will continue to be damaged unless the infringement is enjoined by this Court.

## RELIEF REQUESTED

Wherefore, Plaintiff Automotive Technologies International, Inc. prays for relief against the Defendants as follows:

1.     That U.S. Patent No. 5,901,978 be adjudged infringed by all Defendants, and that the infringement be held to be wilful.

2.     That U.S. Patent No. 6,242,701 be adjudged infringed by Defendants Honda and Elesys, and that the infringement be held to be wilful.

3.     That U.S. Patent No. 6,325,414 be adjudged infringed by Defendants Honda and Elesys, and that the infringement be held to be wilful.

4.     That U.S. Patent No. 6,397,136 be adjudged infringed by all Defendants, and that the infringement be held to be wilful.

5.     That U.S. Patent No. 6,422,595 be adjudged infringed by all Defendants, and that the infringement be held to be wilful.

      6.      That U.S. Patent No. 6,869,100 be adjudged infringed by all Defendants, and that the infringement be held to be wilful.

      7.      That U.S. Patent No. 6,757,602 be adjudged infringed by all Defendants, and that the infringement be held to be wilful.

      8.      That U.S. Patent No. 6,712,387 be adjudged infringed by Defendants Honda and Elesys, and that the infringement be held to be wilful.

      9.      That U.S. Patent No. 6,942,248 be adjudged infringed by all Defendants, and that the infringement be held to be wilful.

      10.     That U.S. Patent No. 6,958,451 be adjudged infringed by Defendants Honda and Elesys, and that the infringement be held to be wilful.

      11.     That U.S. Patent No. 6,484,080 be adjudged infringed by all Defendants, and that the infringement be held to be wilful.

      12.     That U.S. Patent No. 6,850,824 be adjudged infringed by all Defendants, and that the infringement be held to be wilful.

      13.     That Plaintiff be awarded compensatory damages for past infringement by the Defendants in an amount no less than a reasonable royalty, and a sum to be determined at trial, and that said damages be trebled in view of the wilful and deliberate nature of the infringement;

      14.     That all Defendants, their officers, agents, servants, employees and attorneys, and other persons in active concert or participation with either of them be preliminarily and then permanently enjoined from further infringement of the patents-in-suit;

      15.     That all Defendants be ordered to deliver to Plaintiff for destruction all infringing products and systems in their possession;

16. That this case be declared an exceptional case under 35 U.S.C. §285 as to each Defendant and that Plaintiff be awarded its attorney fees incurred in this action;

17. For an award of Plaintiff's costs of this action, interest on the award and other charges to the maximum extent permanent; and

18. For such other future relief as the Court deems just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: May 3, 2006

_____
Richard K. Herrmann (I.D. No. 405)
MORRIS, JAMES, HITCHENS & WILLIAMS, LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com

SOMMERS SCHWARTZ, P.C.
Andrew Kochanowski
Attorneys for Plaintiff
2000 Town Center, Suite 900
Southfield, MI 48075
(248) 355-0300

BANIAK PINE & GANNON
Michael H. Baniak
Attorneys for Plaintiff
150 N. Wacker Drive, Suite 1200
Chicago, IL 60606
(312) 673-0360

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of May, 2006, I electronically filed the foregoing document, **PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Thomas C. Grimm, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

_____
Richard K. Herrmann (I.D. No. 405)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com

Attorneys for Plaintiff
AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC.