IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC.,

Plaintiff,

v.

AMERICAN HONDA MOTOR CO., INC., ELESYS NORTH AMERICA, INC., and GENERAL MOTORS CORPORATION,

Defendants.

Civil Action No. 06-187-GMS

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF GENERAL MOTORS CORPORATION**

Pursuant to Fed. R. Civ. P. 8 and 12, Defendant General Motors Corporation ("GM") answers the First Amended Complaint of Automotive Technologies International, Inc. ("ATI") as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Automotive Technologies International, Inc. ("ATI") is a Delaware corporation.

**ANSWER:**

Admitted.

2. Defendant American Honda Motor Company ("Honda") is a California corporation. Defendant Honda imports and sells in the United States automobiles manufactured in Japan and the United States under the "Honda" and "Acura" names.

**ANSWER**:

GM is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 2, and therefore denies these allegations.

3. Defendant Elesys North America, Inc. ("Elesys") is a Georgia corporation. Elesys is a supplier of products to the automotive industry.

**ANSWER:**

GM is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 3, and therefore denies these allegations.

4. Defendant General Motors Corporation ("GM") is a Delaware corporation. GM sells vehicles in the United States under the "Buick," "Pontiac," and "Saturn" names, among others.

**ANSWER:**

Admitted.

5. This is an action for patent infringement. All of the acts of patent infringement complained of in this Complaint occurred, among other places, within this judicial district.

**ANSWER:**

GM admits that this purports to be an action for alleged patent infringement. GM denies the remaining allegations of paragraph 5.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. §1331 over this infringement action, arising under the Patent Act, 35 U.S.C. § 1 et seq., including §§ 271 and 281-285.

**ANSWER:**

Admitted.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), (c) and 28 U.S.C. § 1400(b). The Court has personal jurisdiction over each of the parties.

**ANSWER:**

Admitted. Pursuant to 28 U.S.C. § 1404(a), however, venue is most proper in the United States District Court for the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8. The following patents have been issued duly and legally to Plaintiff ATI on the following dates:

a. U.S. Patent No, 5,901,978 entitled "Method and Apparatus for Detecting the Presence of a Child Seat," issued May 11, 1999. (Exhibit 1)

b. U.S. Patent No. 6,242,701 entitled "Apparatus and Method for Measuring Weight of an Occupying Item of a Seat," issued June 5, 2001. (Exhibit 2)

c. U.S. Patent No. 6,325,414 entitled "Method and Arrangement for Controlling Deployment of a Side Airbag," issued December 4, 2001. (Exhibit 3)

d. U.S. Patent No. 6,397,136 entitled "System for Determining the Occupancy State of a Seat in a Vehicle," issued May 28, 2002. (Exhibit 4)

e. U.S. Patent No. 6,422,595 entitled "Occupant Position Sensor and Method and Arrangement for Controlling a Vehicular Component Based on an Occupant's Position," issued July 23, 2002. (Exhibit 5)

f. U.S. Patent No. 6,869,100 entitled "Method and Apparatus for Controlling an Airbag," issued March 22, 2005. (Exhibit 6)

g. U.S. Patent No. 6,757,602 entitled "System For Determining the Occupancy State of a Seat in a Vehicle and Controlling a Component Based Thereon," issued June 29, 2004. (Exhibit 7)

h. U.S. Patent No. 6,712,387 entitled "Method and Apparatus for Controlling Deployment of a Side Airbag," issued March 30, 2004. (Exhibit 8)

i. U.S. Patent No. 6,942,248 entitled "Occupant Restraint Device Control System and Method," issued September 13, 2005. (Exhibit 9)

j. U.S. Patent No. 6,958,451 entitled "Apparatus and Method for Measuring Weight of an Occupying Item of a Seat," issued October 25, 2005. (Exhibit 10)

k. U.S. Patent No. 6,484,080 entitled "Method and Apparatus for Controlling a Vehicular Component," issued November 19, 2002. (Exhibit 11)

l. U.S. Patent No. 6,850,824 entitled "Method and Apparatus for Controlling a Vehicular Component," issued February 1, 2005. (Exhibit 12)

**ANSWER**:

GM admits that U.S. Patent Nos. 5,901,978, 6,242,701, 6,325,414, 6,397,136, 6,422,595, 6,869,100, 6,757,602, 6,712,387, 6,942,248, 6,958,451, 6,484,080 and 6,850,824 ("the ATI Patents") are attached to the Plaintiff's First Amended Complaint as Exhibits 1-12, respectively. GM admits that ATI is the listed assignee on the face of the ATI Patents. GM admits that the ATI Patents have titles of inventions and the issue dates identified in paragraph 8, a-l. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8, and therefore denies the remaining allegations.

**PATENT INFRINGEMENT**

9. All of the patents set forth in paragraph 8, a-l (collectively, "the ATI Patents"), are valid, subsisting, enforceable, and are presently owned by ATI and have been owned by ATI for all times relevant hereto.

**ANSWER:**

GM denies that all of the patents set forth in paragraph 8, a-1 are valid. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9, and therefore denies these allegations.

10. The general subjects covered by the ATI Patents include, but are not limited to occupant sensing, position sensing, weight sensing, airbag deployment, and related systems as used in a vehicle containing airbags.

**ANSWER:**

GM admits that some of the subjects identified in paragraph 10 are addressed in some of the ATI Patents. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10, and therefore denies these allegations.

11. Among the products made, sold, used, or imported by Elesys are the following:

a. "Passenger Sensing System";
b. "Seat Sentry System";
c. "Occupant Detection System"; and
d. "Low Risk Deployment System".

**ANSWER:**

GM admits that Elesys North America, Inc. (ENA) sold the electronic control units ("ECUs") and sensor assemblies for the Passenger Sensing System to GM. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11, and therefore denies these allegations.

12. Elesys sells some or all of the above systems, either singularly or in combination, to Defendants Honda and GM. Upon information and belief, Elesys has supplied Honda since approximately 2001. Upon information and belief, Elesys has supplied GM since 2004. Elesys has recently announced the intention to supply the product systems, or some of them, to approximately 1.1 million additional GM vehicles.

**ANSWER:**

GM admits that ENA has sold the ECUs and the sensor assemblies for the Passenger Sensing System to GM since at least 2004. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12, and therefore denies these allegations.

13. All of the product systems referenced above infringe, directly or by contributory infringement, the ATI Patents. None of the Defendants has any right or license from ATI under the ATI Patents.

**ANSWER:**

GM admits that GM has no license from ATI under the ATI Patents. GM denies the remaining allegations in paragraph 13.

14. Defendant Honda makes, uses, imports and/or sells vehicles with an occupant position detection system called Occupant Position Detection System ("OPDS") in various model Hondas and Acuras sold in the United States. The OPDS system may vary slightly from model to model, but on information and belief, contains the Elesys Passenger Sensing System, the Occupant Detection System, the Seat Sentry and/or the Low Risk Deployment System (since 2006). Certain portions of the OPDS system are supplied by other automotive suppliers. Among the variations of the OPDS system used in Honda and Acura vehicles is a system employing a strain gage weight sensor and/or seat belt sensors. The OPDS system comprises and controls, or works in conjunction with a controller for, among other things, suppressing or allowing the deployment of side airbags and side curtain airbags in a vehicle equipped with the system(s). Upon information and belief, the OPDS system has been used in the following models:

| **Year** | **Model** |
|---|---|
| 2002 | Honda Accord |
| 2003 | Honda Accord |
| 2003 | Honda Civic Hybrid |
| 2004 | Honda Accord |
| 2005 | Honda Odyssey |
| 2005 | Honda Pilot |
| 2005 | Honda Accord Hybrid |

| **Year** | **Model** |
|---|---|
| 2005 | Honda Accord |
| 2005 | Honda Element |
| 2006 | Honda Element |
| 2006 | Honda Accord |
| 2006 | Honda CRV |
| 2006 | Honda Ridgeline |
| 2006 | Honda Civic |
| 2006 | Honda Accord Hybrid |

| **Year** | **Model** |
|---|---|
| 2001 | Acura MDX |
| 2002 | Acura MDX |
| 2002 | Acura 3.2 CL |
| 2003 | Acura TL |
| 2003 | Acura MDX |
| 2004 | Acura TL |
| 2004 | Acura MDX |
| 2005 | Acura TL |
| 2005 | Acura MDX |
| 2006 | Acura TSX |
| 2006 | Acura TL |
| 2006 | Acura RL |
| 2006 | Acura MDX |

**ANSWER:**

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore denies these allegations.

15. Upon information and belief, additional Honda and Acura models to those listed in paragraph 14 have been equipped with the OPDS system, and continue to be sold in the United States with the OPDS system.

**ANSWER:**

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore denies these allegations.

16. Each of the vehicles listed above, and those vehicles not specifically listed but which use the system described above, infringe the ATI Patents.

**ANSWER:**

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies these allegations.

17. Defendant Honda markets and sells these models to the public. Defendant will continue to do so unless enjoined by this Court.

**ANSWER:**

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies these allegations.

18. Defendant GM makes, uses, and sells vehicles which employ some or all of the Elesys product systems set forth above in paragraph 11, called in some instance, the Passenger Presence System. Certain GM vehicles use the Elesys systems in conjunction with seatbelt sensors. The Elesys system in GM vehicles comprises and controls, or works in conjunction with a controller for, among other things, suppressing or allowing the deployment of side airbags and side curtain airbags in a vehicle equipped with the system(s). Upon information and belief the Elesys systems are supplied in the following GM vehicles:

| Year | Model |
|---|---|
| 2005 | Pontiac G6 |
| 2006 | Pontiac G6 |
| 2005 | Pontiac Grand Prix |
| 2006 | Pontiac Grand Prix |
| 2005 | Saturn Ion |
| 2006 | Saturn Ion |
| 2005 | Saturn Vue |
| 2006 | Saturn Vue |
| 2005 | Buick LaCrosse |
| 2006 | Buick LaCrosse |

**ANSWER:**

GM admits that GM made, used and sold vehicles containing the Passenger Sensing System. GM admits that the following vehicles employ the Passenger Sensing System: 2006 Pontiac G6, 2006 Pontiac Grand Prix, 2006 Saturn Ion, 2006 Saturn Vue, 2005 Buick LaCrosse and 2006 Buick LaCrosse. GM denies the remaining allegations of paragraph 18.

19. Upon information and belief, GM makes and sells other models than those listed in Paragraph 17 [sic, 18] with the Passenger Presence System or other-named system using Elesys products. Each of the vehicles listed above, and those vehicles not specifically listed but which use the system described above, infringe the ATI Patents set forth in paragraph 8, with the exception of the '387, '451, '414, and '701 Patents. Defendant GM markets and sells these models to the public. Defendant will continue to do so unless enjoined by this Court.

**ANSWER:**

GM admits that it marketed and sold to the public vehicles listed in the table of paragraph 18. GM denies the remaining allegations in paragraph 19.

20. At least as early as February, 2004, ATI advised Elesys of the existence of various of the above-listed patents and sought to discuss the license of the ATI Patents to Elesys. Elesys was formed as a joint venture between Defendant Honda and a third-party, NEC, Inc., another automotive supplier. Upon information and belief, as of February, 2004, Honda had knowledge of various of the ATI patents at issue in this case. Additionally, certain of the patents at issue in this action have been actually known to NEC and Honda, Japan, earlier than February, 2004.

**ANSWER:**

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies these allegations.

21. In addition to the above, beginning in October, 2005, ATI placed Honda on notice of certain patents at issue in this lawsuit via written communications with Koichi Kondo, William R. Willen, of Honda, and Takeo Oi, Intellectual Property Division of Honda Motor Company, Ltd. in Japan. As a result, Honda has known of certain if not all of the patents at issue in this case prior to this Complaint.

**ANSWER:**

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies these allegations.

## AFFIRMATIVE DEFENSES

Further responding to ATI's First Amended Complaint, GM asserts the following affirmative defenses and reserves the right to amend its Answer as additional information becomes available:

1. ATI's claims are barred by laches and estoppel.

2. GM incorporates by reference as affirmative defenses the allegations set forth below supporting its Counterclaims.

## COUNTERCLAIMS

For its Counterclaims against ATI, GM states as follows:

1. This Court has jurisdiction over these Counterclaims pursuant to Rule 13, Fed. R. Civ. P. Jurisdiction in this Court also is proper pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. Venue is proper for these Counterclaims because ATI elected this forum for suit and

pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Pursuant to 28 U.S.C. § 1404(a), venue is also proper in the United States District Court for the Eastern District of Michigan.

2. An actual controversy exists between the parties as to the asserted infringement, validity, and enforceability of the U.S. Patent Nos. 5,901,978, 6,397,136, 6,422,595, 6,869,100, 6,757,602, 6,942,248, 6,484,080, and 6,850,824 ("Patents-in-suit").

## FIRST COUNTERCLAIM

## DECLARATION OF NONINFRINGEMENT OF THE PATENTS-IN-SUIT

3. GM repeats and realleges the allegations of paragraphs 1 through 2 of these Counterclaims.

4. GM has not infringed and is not infringing, either directly, contributorily, or by active inducement, any claim of the Patents-in-suit.

## SECOND COUNTERCLAIM

## DECLARATION OF INVALIDITY OF THE PATENTS-IN-SUIT

5. GM repeats and realleges the allegations of paragraphs 1 through 2 of these Counterclaims.

6. The Patents-in-suit are invalid and void for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, §§ 102, 103, and 112.

## EXCEPTIONAL CASE

ATI's attempt to read the claims of the patents-in-suit on the activities and products of GM make this case exceptional under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, GM prays for a judgment:

a) dismissing ATI's First Amended Complaint with prejudice;

b) declaring that GM has not infringed any claim of the Patents-in-suit;

c) declaring that the Patents-in-suit are invalid;

d) adjudging this case to be an exceptional case pursuant to 35 U.S.C. § 285, and awarding GM its costs and attorney fees; and

e) granting such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
tgrimm@mnat.com
bschladweiler@mnat.com
(302) 658-9200
*Attorneys for Defendants*

OF COUNSEL:

Timothy Q. Delaney
Ralph J. Gabric
Miyoung Shin
Rickard DeMille
BRINKS HOFER GILSON & LIONE
NBC Tower - Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611
(312) 321-4200

June 12, 2006
524384

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Richard K. Herrmann, Esquire
MORRIS, JAMES, HITCHENS & WILLIAMS LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on June 12, 2006 upon the following individuals in the manner indicated:

**BY HAND**

Richard K. Herrmann, Esquire
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

**BY FACSIMILE**

Andrew Kochanowski, Esquire
SOMMERS SCHWARTZ, P.C.
2000 Town Center, Suite 900
Southfield, MI 48075
(248) 746-4001 (fax)

Michael H. Baniak, Esquire
BANIAK PINE & GANNON
150 N. Wacker Drive, Suite 1200
Chicago, IL 60606
(312) 673-0361 (fax)

*/s/ Thomas C. Grimm*
Thomas C. Grimm (#1098)
tgrimm@mnat.com

524384