IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AMERICAN HONDA MOTOR COMPANY, et al. )<br>)<br>Defendants. )<br>_____) | C.A. No. 06-187 GMS |

**PLAINTIFF'S ANSWERS TO ELESYS NORTH AMERICA, INC.'S
COUNTERCLAIMS**

For its Answers to ENA's Counterclaims, ATI states as follows:

1.  This Court has jurisdiction over these Counterclaims pursuant to Rule 13, Fed. R. Civ. P.  Jurisdiction in this Court also is proper pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.  Venue is proper for these Counterclaims because ATI elected this forum for suit and pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  Pursuant to 28 U.S.C. § 1404(a), venue is also proper in the United States District Court for the Eastern District of Michigan.

**ANSWER:**

ATI admits that this Court has jurisdiction over this matter, and that venue is proper in this District.  ATI denies that venue is proper in the United States District Court for the Eastern District of Michigan.

2.  An actual controversy exists between the parties as to the asserted infringement, validity, and enforceability of the ATI Patents.

**ANSWER:**

ATI admits there is a controversy, but denies that the subject patents are invalid and/or unenforceable.

3. An actual controversy exists between the parties as to the asserted infringement, validity, and enforceability of U.S. Patent No. 6,950,022 ("the '022 Patent"). ATI asserted the infringement the '022 Patent in the Complaint based on ENA's supply to Honda and GM and removed the assertions based on the '022 Patent in the First Amended Complaint.

**ANSWER:**

ATI denies there is presently a controversy between the parties as to the subject matter of this Complaint and the applicability of the '022 Patent, as that patent is not asserted in ATI's Amended Complaint.

4. An actual controversy exists between the parties based on ENA's supply to GM as to the asserted infringement of U.S. Patent Nos. 6,712,387 ("the '387 Patent"), 6,958,451 ("the '451 Patent"), 6,325,414 ("the '414 Patent"), and 6,242,701 ("the '701 Patent"). ATI asserted that ENA's supply to GM infringes the '387, '451, '414, and '701 Patents in the Complaint. ATI removed these assertions in the First Amended Complaint.

**ANSWER:**

ATI admits that its First Amended Complaint reflects that it is not asserting the '387, '451, '414, and '701 Patents against ENA, and that the Complaint as originally filed asserted all

listed patents against all Defendants. ATI denies that there is presently an actual controversy between ATI and ENA with respect to the '387, '451, '414 and '701 Patents.

**FIRST COUNTERCLAIM**

**DECLARATION OF NONINFRINGEMENT OF THE ATI PATENTS**

3[sic]. ENA repeats and re-alleges the allegations of paragraphs 1, 2 and 4 of these Counterclaims.

**ANSWER:**

ATI repeats and realleges its responses to Paragraphs 1, 2 and 4 to this Counterclaim.

4[sic]. ENA has not infringed and is not infringing, either directly, contributorily, or by active inducement, any claim of the ATI Patents.

**ANSWER:**

Denied.

5[sic]. ENA has not infringed and is not infringing, either directly, contributorily, or by active inducement, any claim of the '387, '451, '414, or *the* '701 Patents by ENA's supply to GM.

**ANSWER:**

ATI is not alleging infringement of the '387, '451, '414, or '701 Patents against ENA in this action. To the extent ENA asserts an intention to litigate whether it infringes the '387, '451, '414, or '701 Patents, there is no known controversy between the parties regarding these

3

Patents, and therefore there is no federal court subject matter jurisdiction. Subject to the foregoing, ENA is to be put to its proofs as to whether it is not infringing any claim of these Patents.

## SECOND COUNTERCLAIM

## DECLARATION OF INVALIDITY OF THE ATI PATENTS

6[sic]. ENA repeats and re-alleges the allegations of paragraphs 1, 2 and 4 of these Counterclaims.

**ANSWER:**

ATI repeats and realleges its responses to Paragraphs 1, 2 and 4 to this Counterclaim.

7[sic]. The ATI Patents are invalid and void for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, §§ 102, 103, and 112.

**ANSWER:**

Denied.

## THIRD COUNTERCLAIM

## DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,950,022

8[sic]. ENA repeats and re-alleges the allegations of paragraphs 1 and 3 of these Counterclaims.

**ANSWER:**

ATI repeats and realleges its responses to Paragraphs 1 and 3 to this Counterclaim.

9[sic]. ENA has not infringed and is not infringing, either directly, contributorily, or by active inducement, any claim of the '022 Patent.

**ANSWER:**

ATI is not alleging infringement of the '022 Patent against ENA in this action. To the extent ENA asserts an intention to litigate whether it infringes the '022 Patent, there is no known controversy between the parties regarding this Patent, and therefore there is no federal court subject matter jurisdiction. Subject to the foregoing, ENA is to be put to its proofs as to whether it is not infringing any claim of this Patent.

## FOURTH COUNTERCLAIM
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,950,022

10[sic]. ENA repeats and re-alleges the allegations of paragraphs 1 and 3 of these Counterclaims.

**ANSWER:**

ATI repeats and realleges its responses to Paragraphs 1 and 3 to this Counterclaim.

11[sic]. The '022 Patent is invalid and void for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, §§ 102, 103, and 112.

**ANSWER:**

ATI repeats and realleges its responses to Paragraphs 1, 3 and 8 to this Counterclaim. Subject to the foregoing, denied.

## EXCEPTIONAL CASE

ATI's attempt to read the claims of the patents-in-suit on the activities and products of ENA makes this case exceptional under 35 U.S.C. § 285.

## ANSWER

Denied.

## PRAYER FOR RELIEF

**WHEREFORE,** ENA prays for a judgment:

a)  dismissing ATI's First Amended Complaint with prejudice;

b)  declaring that ENA has not infringed any claim of the ATI Patents and the '022 Patent;

c)  declaring that ENA has not infringed any claim of the '387, '451, '414, and '701 Patents by ENA's supply to GM;

d)  declaring that the ATI Patents and the '022 Patent are invalid;

e)  adjudging this case to be an exceptional case pursuant to 35 U.S.C. § 285, and awarding ENA its costs and attorneys' fees; and

f)  granting such other and further relief as the Court may deem just and proper.

## ANSWER

a)  That Defendant's request be denied.

b)  That Defendant's request be denied.

c)  That Defendant's request be denied.

d)  That Defendant's request be denied.

e)  That Defendant's request be denied.

    f)    That Defendant's request be denied.

    g)    That ATI be granted all of the relief requested by ATI in the Amended Complaint.

## ATI AFFIRMATIVE DEFENSES

1. That there presently is no case or controversy as to the '022 patent, and that there is accordingly no jurisdiction over Defendant's claims based thereon.

2. That Defendant fails to state a claim for alleged invalidity, as there is no factual basis whatsoever set forth supporting alleged invalidity.

3. That Defendant fails to state a claim for alleged unenforceability, as there is no factual basis whatsoever set forth supporting alleged unenforceability.

Dated: July 3, 2006                          /s/ Richard K. Herrmann
                                              Richard K. Herrmann (I.D. No. 405)
                                              MORRIS, JAMES, HITCHENS & WILLIAMS, LLP
                                              222 Delaware Avenue, 10th Floor
                                              Wilmington, Delaware 19801
                                              (302) 888-6800
                                              rherrmann@morrisjames.com

                                              SOMMERS SCHWARTZ, P.C.
                                              Andrew Kochanowski
                                              2000 Town Center, Suite 900
                                              Southfield, MI 48075
                                              (248) 355-0300

                                              BANIAK PINE & GANNON
                                              Michael H. Baniak
                                              Attorneys for Plaintiff
                                              150 N. Wacker Drive, Suite 1200
                                              Chicago, IL 60606
                                              (312) 673-0360

                                              Attorneys for Plaintiff
                                              AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of July, 2006, I electronically filed the foregoing document, **PLAINTIFF'S ANSWERS TO ELESYS NORTH AMERICA, INC.'S COUNTERCLAIMS**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

> Thomas C. Grimm, Esq.
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 North Market Street
> Wilmington, DE 19801

Additionally, I hereby certify that on the 3rd day of July, 2006, the foregoing document was served as indicated on the following non-registered participants:

**VIA EMAIL & HAND DELIVERY**
Thomas C. Grimm, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

**VIA EMAIL & FEDERAL EXPRESS**
Timothy Q. Delaney, Esq.
Ralph J. Gabric, Esq.
Miyoung Shin, Esq.
Rickard DeMille, Esq.
Brinks Hofer Gilson & Lione
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611

       */s/ Richard K. Herrmann*
Richard K. Herrmann (I.D. No. 405)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com

Attorneys for Plaintiff
AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC.