IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN HONDA MOTOR CO., INC., a California corporation,<br>ELESYS NORTH AMERICA, INC., a Georgia corporation, and<br>GENERAL MOTORS CORPORATION, a Delaware corporation,<br><br>    Defendants. | C.A. No. 06-187 GMS |

## JOINT STATUS REPORT

Pursuant to the Court's June 30, 2006 Notice of Scheduling Conference, and Fed. R. Civ. P. 26(f) and Local Rule 16.2(b), counsel for the parties have conferred on July 14, 2006, about the matters set forth in the Court's Notice. Plaintiff Automotive Technologies International, Inc. ("ATI"), Defendant General Motors Corporation ("GM'), Defendant Elesys North America, Inc. ("ENA"), and Defendant American Honda Motor Co., Inc. ("Honda") respectfully submit this Joint Status Report regarding the agenda items to be addressed at the Status and Scheduling Conference on July 24, 2006.

**1.      Jurisdiction and Service.**

This is an action for patent infringement arising under the patent laws of the United States, with counterclaims arising under the patent laws of the United States. This Court has subject matter jurisdiction. All parties are subject to personal jurisdiction in this Court. All

parties have been served with the requisite pleadings, and answers have been filed to all claims and counterclaims. Defendants have filed a motion requesting transfer of this case to the Eastern District of Michigan. Plaintiff opposes said motion, and has requested oral argument on said motion, which remains pending.

2.  **Substance of the Action.**

   A.  **Plaintiff's Position**

The present case involves claims for infringement of twelve United States Patents owned by Plaintiff ATI. These include U.S. Patent Nos. 5,901,978, 6,242,701, 6,325,414, 6,397,136, 6,422,595, 6,869,100, 6,757,602, 6,712,387, 6,942,248, 6,958,451, 6,484,080, and 6,850,824. The patents-in-suit generally cover a variety of hardware and software aspects of the relationship between vehicle occupants, seats, and airbags, and the deployment of airbags in relation to occupant presence and/or position. The technology at issue arose in response to issues of passenger safety in an airbag-equipped vehicle. Out-of-position passengers as well as small children or infants in car seats can easily be injured by a deploying airbag. Decisions relating to airbag suppression based on occupant position or presence must be made almost instantly in a collision event. Some of the concepts at issue in the patents-in-suit are enabling airbag deployment relative to a pre-determined threshold; development of deployment algorithms; systems for determining occupancy state of a seat of a vehicle; trained pattern recognition algorithms; child seat sensing; rear-facing child seat sensing; side airbag suppression; signal analysis; determination of occupant position; passenger weight sensing; occupant classification; and occupant categorizing functions.

ATI asserts that the Defendants directly infringe, actively induce others to infringe, and/or contribute to the infringement of one or more claims of each of the patents-in-suit, by

2

making, using, selling, offering for sale and/or importing in or into the United States one or more assemblies or systems, covered by one or more claims of each of the patents-in-suit. Elesys makes, uses, imports and/or sells systems designated as "Passenger Sensing System", "Seat Sentry System", "Occupant Detection System", and "Low Risk Deployment System". Elesys sells some or all of these systems to Honda and GM. Honda makes, uses, imports and/or sells vehicles which employ some or all of the Elesys product systems, and in particular an occupant position detection system called "Occupant Position Detection System", in various models of Hondas and Acuras sold in the United States. GM makes, uses, imports and/or sells vehicles which employ some or all of the Elesys product systems, called in some instances "Passenger Presence System."

ATI believes that the infringing systems are incorporated into at least various Honda, Acura, Buick, Pontiac, and Saturn vehicles. ATI seeks monetary and injunctive relief against the Defendants, including treble damages for alleged willful infringement as well as attorney's fees, interest, and costs.

### B. Defendants' Position

Defendants deny that they infringe any claim of the patents in suit. Defendants also deny that they have contributed to or induced the infringement of the patents in suit and deny that they have willfully infringed any claim of the patents in suit.

Defendants also contend that the patents in suit are invalid for failure to meet at least one of the statutory requirements of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103 and 112.

Defendants also contend that ATI is barred from recovering damages for the alleged infringement of the patents in suit before the date Defendants received actual notice of ATI's claims of infringement.

**3.    Identification of Issues.**

The likely factual and legal issues framed by the pleadings that are believed to be genuinely in dispute, without any party conceding the existence of a genuine issue of fact barring summary judgment on any issue, are as follows:

(a)    The scope of the claims of the patents-in-suit;

(b)    Whether the Defendants infringe any claims of the patents-in-suit by making, using, selling, offering for sale and/or importing any product;

(c)    Whether the Defendants' alleged infringement has been willful;

(d)    Whether the patents-in-suit are valid and enforceable;

(e)    Whether and to what extent ATI is entitled to damages, injunctive, or other relief from the Defendants if infringement is proven;

(f)    Whether and to what extent ATI is entitled to increased damages if Defendants' infringement was willful.

**4.    Narrowing of Issues.**

Since discovery has not yet been conducted, the parties do not have a firm understanding as to which, if any, issues may be narrowed by motion or agreement.

**5.    Relief.**

ATI seeks compensatory damages, injunctive relief, treble damages, interest, costs, attorney's fees, and such other and further relief as the Court deems appropriate. The precise

amount of compensatory damages cannot be determined at this time, as ATI lacks required information regarding Defendants' sales. ATI nevertheless states that compensatory damages in no event should be less than a reasonable royalty.

Defendants seek the entry of judgment in favor of Defendants, and against ATI, on all counts of ATI's Amended Complaint. As provided by 35 U.S.C. § 285, Defendants also seek a finding that this case be declared exceptional and that Defendants be awarded their attorneys' fees and costs. Defendants also seek a declaration that all claims of the patents in suit are invalid and are not and have not been infringed by Defendants.

**6.      Amendment of Pleadings.**

ATI does not anticipate any need to amend pleadings, and proposes that the deadline for any amendment of pleadings be set for August 25, 2006.

With the exception of a possible assertion of an inequitable conduct defense by Defendants, Defendants agree that the deadline for any amendment of pleadings should be set for **August 25, 2006.** Because a defense based upon inequitable conduct may not be discovered until later in discovery, Defendants also propose that the defendants may amend the pleadings to add a defense of inequitable conduct on or before **February 16, 2007**, which is 45 days prior to the close of fact discovery.

**7.      Joinder of Parties.**

ATI does not anticipate joinder of additional parties. Defendants are still evaluating whether to join additional parties. Until ATI provides discovery on its infringement contentions, Defendants are unable to determine whether additional parties should be joined. However, the parties do agree that the deadline for any joinder of parties should be set for **October 1, 2006.**

**8.    Discovery.**

ATI proposes that the Court set fact discovery to close on **January 26, 2007**. Defendants propose that the Court set fact discovery to close on **April 2, 2007.** The parties propose that the expert discovery period be conducted after the Court conducts a claims construction hearing and issues a ruling. ATI proposes that the Court set expert discovery to close on **June 29, 2007**, and Defendants propose that the Court set expert discovery to close on **July 20, 2007.** The parties each propose a detailed case schedule that is set forth in section 12 below.

With respect to fact depositions, the parties believe that there should be no limit on the number of depositions per Del. Local Rule 26.1(b). The parties recognize that the depositions of some fact witnesses, as well as depositions taken pursuant to Fed. R. Civ. P. 30(b)(6), may exceed the presumptive seven hour limit set forth in Rule 30 of the Federal Rules of Civil Procedure. The parties agree to consult and negotiate in good faith regarding the duration of depositions. The parties propose the number of interrogatories be limited to 75 per side (in other words, ATI is afforded 75 interrogatories, and the Defendants are collectively afforded 75 interrogatories between them). The parties propose that all written discovery, including for example interrogatories and requests for admission, be served sufficiently in advance so that the 30-day response time occurs before the close of Fact Discovery.

    a.    **Discovery Contemplated by ATI.**

ATI presently anticipates that it will require discovery on the following issues with respect to each Defendant:

(1)    Defendants' awareness of the patents-in-suit and application that led to the issuance of each, and acts taken in response to that awareness;

(2)   Development of the Defendants' accused products, including the "Passenger Sensing System", "Seat Sentry System", "Occupant Detection System", "Low Risk Deployment System", "Occupant Position Detection System", and "Passenger Presence System";

(3)   Defendants' infringement of the patents-in-suit;

(4)   Defendants' willful infringement;

(5)   Damages discovery, in particular relating to the sales, revenues, and profits generated by Defendants in the manufacture, use, or sale of infringing products, as well as the costs associated with such manufacture and sale;

(6)   Damages discovery relating to royalty rates, the reasonableness of same, and the payments of royalties and for patents covering products such as those accused of infringement in the present suit;

(7)   The bases for Defendants' affirmative defenses and counterclaims; and

(8)   Contentions of Defendants' experts.

**b.   Discovery Contemplated by Defendants.**

Defendants presently anticipate that it will require discovery on all claims, defenses and counterclaims. This includes discovery with respect to at least the following:

(1)   The invalidity and enforceability of the patents in suit, and the scope and content of the prior art;

(2)   Discovery concerning the prior art activities of third-parties;

(3)   The bases for ATI's allegations of infringement;

(4)   The prosecution of the patents in suit, and any related or foreign counterparts to the patents in suit;

(5)   The bases for ATI's allegations of willful infringement;

(6)     The bases for ATI's damage claims;

(7)     The *Georgia Pacific* factors in connection with ATI's alleged entitlement to a reasonable royalty for Defendants' alleged infringement;

(8)     ATI's attempts to commercialize and/or commercialization of the subject matter disclosed or claimed in the patents in suit;

(9)     The level of ordinary skill in the relevant art; and

(10)    The contentions of ATI's experts.

**9.     Estimated Trial Length.**

ATI anticipates that trial will require from seven to ten court days.  Defendants anticipate that trial will take from fifteen to twenty days.  ATI does not believe it is desirable to bifurcate issues for trial.  Defendants believe that the issue of bifurcation should be revisited later once the parties have had an opportunity to take discovery.

**10.    Jury Trial.**

ATI has demanded a trial by jury.

**11.    Settlement.**

The parties have been engaged in preliminary settlement discussions, and those discussions are ongoing.  At this juncture, the parties do not believe that referral of the matter to the Magistrate for mediation or other ADR mechanism is warranted.

**12.    Other Matters.**

    **(a)    Protective Order**

The parties agree that entry of a protective order in this action is warranted with respect to the handling and use of Confidential and Highly Confidential Information. The parties anticipate reaching agreement as to the form of such a protective order, and intend to submit said form to the Court for approval and entry.

    **(b)    Coordination with Related Case.**

ATI recently filed another action, styled *Automotive Technologies International, Inc. v. Hyundai Motor America et al.*,, and pending before this Court under cause number 1:06-CV-00391-GMS ("Hyundai case"). The Hyundai case involves many of the same patents that are asserted against Defendants in this case. ATI submits that coordination of, at a minimum, claims construction between the instant case and the Hyundai case would increase the just, speedy, and inexpensive determination of this action. Defendants submit that no coordination is warranted, as it would only unnecessarily complicate an already complicated case.

    **(c)    Case Schedule.**

        (1)    Plaintiff proposes the following case schedule:

| EVENT | DEADLINE |
|---|---|
| Rule 26(a) Initial Disclosures | July 31, 2006 |
| Deadline for Motions to Amend | August 25, 2006 |
| Deadline for Joinder of Parties | October 1, 2006 |
| Joint Claim Chart setting forth each parties' proposed claim constructions | November 17, 2006 |
| Close of Fact Discovery | January 26, 2007 |
| Opening Claim Construction Briefs | February 2, 2007 |
| Reply Claim Construction Briefs | February 23, 2007 |
| Claims Construction Hearing | March 23, 2007 |
| Primary expert designations and reports on issues for which party has burden of proof | May 4, 2007 |

| | |
|---|---|
| Rebuttal expert designations and reports | June 1, 2007 |
| Close of Expert Discovery | June 29, 2007 |
| Status Conference | July 11, 2007 |
| Opening Dispositive Motion Briefs | July 27, 2007 |
| Responsive dispositive motion briefs | August 17, 2007 |
| Reply dispositive motion briefs | August 31, 2007 |
| Hearing on dispositive motions | September 12, 2007 |
| Motions *in limine* | October 12, 2007 |
| Joint Proposed Final Pretrial Order | October 19, 2007 |
| Final Pretrial Conference | October 30, 2007 |
| Trial | December 3, 2007 |

(2)    Defendants propose the following case schedule:

| EVENT | DEADLINE |
|---|---|
| Rule 26(a) Initial Disclosures | August 7, 2006 |
| Plaintiff to Identify Asserted Claims and Provide Preliminary Infringement Contentions | August 23, 2006 |
| Deadline for Motions to Amend (Except for Inequitable Conduct) | August 25, 2006 |
| Defendants to Provide Preliminary Invalidity Contentions | September 22, 2006 |
| Deadline for Joinder of Parties | October 1, 2006 |
| Parties Exchange List of Disputed Claim Terms | November 22, 2006 |
| Joint Claim Chart setting forth each parties' proposed claim constructions | December 15, 2006 |
| Opening Claim Construction Briefs | February 2, 2007 |
| Deadline to Amend Pleadings re Inequitable Conduct | February 16, 2007 |
| Reliance on Advice of Counsel | February 16, 2007 |
| Reply Claim Construction Briefs | March 2, 2007 |
| Claims Construction Hearing | Week of March 5 or March 12, 2007 |
| Close of Fact Discovery | April 2, 2007 |
| Primary expert designations and reports on issues for which party has burden of proof | May 4, 2007 |
| Rebuttal expert designations and reports | June 1, 2007 |
| Close of Expert Discovery | June 29, 2007 |
| Summary Judgement Letter Briefs | July 27, 2007 |
| Answering Summary Judgment Motion Letter Briefs | August 17, 2007 |
| Reply Summary Judgment Letter Briefs | August 31, 2007 |
| Hearing re: Permission to Move for Summary Judgment | September 12, 2007 |

| Opening Summary Judgment Papers | October 3, 2007 |
|---|---|
| Answering Summary Judgment Papers | October 24, 2007 |
| Reply Summary Judgment Papers | November 7, 2007 |
| Motions *in limine* | December 7, 2007 |
| Oppositions to Motion *in limine* | December 21, 2007 |
| Replies *in limine* | January 4, 2008 |
| Joint Proposed Final Pretrial Order | February 4, 2008 |
| Final Pretrial Conference | March 3, 2008 |
| Trial | April 7, 2008 |

**13.    Conferral of Parties.**

Counsel for the parties hereto certify that they have conferred about each of the above matters.

MORRIS, JAMES, HITCHENS
& WILLIAMS, LLP

  */s/ Richard K. Herrmann*
Richard K. Herrmann #405
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800

SOMMERS SCHWARTZ, P.C.
Andrew Kochanowski
2000 Town Center, Suite 900
Southfield, MI 48075
(248) 355-0300

BANIAK PINE & GANNON
Michael H. Baniak
150 N. Wacker Drive, Suite 1200
Chicago, IL 60606
(312) 673-0360

Attorneys for Plaintiff

Dated: July 17, 2006

MORRIS, NICHOLS, ARSHT
& TUNNELL LLP

  */s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler #4601
1201 North Market Street
Wilmington, Delaware 19801
(302) 658-9200

BRINKS HOFER GILSON & LIONE
Timothy Q. Delaney
Ralph J. Gabric
Miyoung Shin
Rickard DeMille
NBC Tower – Suite 3600
45 North Cityfront Plaza Drive
Chicago, IL 60611
(312) 321-4200

Attorneys for Defendant

Dated: July 17, 2006

11