# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1750
www.morrisjames.com

Mary B. Matterer
(302) 888-6960
mmatterer@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

July 31, 2006

**VIA ELECTRONIC FILING**

The Honorable Gregory M. Sleet
United States District Court for the District of Delaware
844 King Street
Wilmington, Delaware 19801

    Re: *Automotive Technologies International, Inc. v. American Honda Motor Company, Inc., et al.,* **Civil Action No. 06-187-GMS**

Your Honor:

  Attached please find the proposed scheduling order which has been agreed to by all parties. We wish to point out that Paragraph 12 contains a provision for *Daubert* motions. Because we did not discuss this topic during the scheduling conference, we have included an alternate proposal for the Court's consideration. We also moved the October 1, 2006 deadline for joining additional parties to October 2, 2006, which falls on a Monday.

           Respectfully,

           */s/ Mary B. Matterer*

           Mary B. Matterer #2696
           mmatterer@morrisjames.com

MBM/tpx
Attachment
cc: Thomas C. Grimm, Esq. (via email)
   Timothy Q. Delaney, Esq. (via email)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC., ELESYS NORTH AMERICA, INC. and GENERAL MOTORS CORPORATION,<br><br>                Defendants. | C.A. No. 06-187-GMS |

## SCHEDULING ORDER

This ____ day of _____ 2006, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on July 24, 2006, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures and Certain Preliminary Contentions.** Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before August 7, 2006. Plaintiff will furthermore preliminarily identify asserted patent claims and infringement contentions by September 15, 2006. Defendants shall provide preliminary invalidity contentions by October 9, 2006.

2. **Joinder of other Parties and Amendment of Pleadings.** All motions to amend the pleadings shall be filed on or before August 25, 2006, provided that the deadline for amending to join any additional parties shall be October 2, 2006. Defendants have until February 16, 2007 to move to amend to add any defense for alleged inequitable conduct, provided that Defendants

have timely previously provided plaintiff with the factual basis and contentions for the same in discovery or otherwise.

3. **Reliance Upon Advice of Counsel.** Defendant(s) shall inform plaintiff whether it intends to rely upon advice of counsel as a defense to willful infringement no later than February 16, 2007. If defendant(s) elects to rely on advice of counsel as a defense to willful infringement, defendant(s) shall produce any such opinions on which defendant(s) intends to rely to plaintiff no later than February 16, 2007.

4. ***Markman* Claim Construction Hearing.** A *Markman* claim construction hearing shall be held on March 14, 2007 at 9:30 a.m. The *Markman* hearing is scheduled for a total of one day, with each side having equal hours. The parties shall exchange lists of claim terms for construction, including proposed definitions, on November 22, 2006, and shall meet and confer on or before December 8, 2006. On or before December 15, 2006, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic and any other evidence. The parties shall exchange and file opening claim construction briefs on January 16, 2007, and the answering claim construction briefs on February 16, 2007.

5. **Discovery.** All fact discovery in this case shall be initiated so that it will be completed on or before March 16, 2007. Expert Discovery in this case shall be initiated so that it will be completed on or before June 29, 2007. Opening expert report(s) for the party bearing the burden of proof shall be served on or before May 4, 2007, and rebuttal report(s) thereto shall be served on or before June 1, 2007.

    a. **Discovery and Scheduling Matters:** Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the

teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **joint, non-argumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on this court's website at www.ded.uscourts.gov. Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER,** exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES.** The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

    6.    **Confidential Information and Papers filed under Seal.** Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

    7.    **Settlement Conference.** Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact United States Magistrate Judge Thynge to schedule a settlement conference with counsel and the clients.

8. **Summary Judgment Motions.** Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than July 16, 2007. Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than July 31, 2007. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before August 6, 2007. The Court shall hold a Status Conference to hear argument and to determine whether the filing of any motion for summary judgment will be permitted on September 10, 2007 at 10:00 a.m. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9. **Case Dispositive Motions:** All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before September 19, 2007. Briefing will be presented pursuant to the court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

10. **Applications by Motion:** Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Oral Argument.** If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to District of Delaware Local Rule 7.1.4.

12. **Status/Daubert Conference.** On or before _____ (one week prior to Daubert teleconference), the parties shall submit a joint agenda identifying any Daubert issues that the parties intend to raise. The Court will hold a telephone conference on _____ at _____ ___.m. to discuss Daubert issues identified in the joint agenda.

**Alternatively:** The parties shall submit any *Daubert* issues with the Pretrial Order, according to the procedures set forth in paragraph 13 for *in limine* motions.

13. **Pretrial Conference.** On January 14, 2008, beginning at 10:00 a.m., the Court will hold a Final Pretrial Conference in Chambers with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order (a sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov) satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order. Motions *in limine:* No party shall file more than ten (10) motions *in limine*. Briefs **(opening, answering and reply)** on all motions *in limine* shall be filed with the Joint Proposed Pretrial Order. The parties have agreed to exchange opening *in limine* briefs by November 19, 2007, opposition briefs by December 10, 2007, and reply briefs by December 19, 2007. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before December 21, 2007.

14. **Trial.** This matter is scheduled for a fifteen (15) day jury trial beginning at 9:00 a.m. on February 4, 2008, although the Court intends to revisit the expected length of trial at least at the time of the *Markman* Order to be issued by the Court.

15. **Scheduling:** The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____
UNITED STATES DISTRICT JUDGE