## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

_____ )
                                  )
AUTOMOTIVE TECHNOLOGIES           )
INTERNATIONAL, INC.,              )
                                  )
            Plaintiff,            )
                                  )
      v.                          )        Civil Action No. 06-187-GMS
                                  )
AMERICAN HONDA MOTOR CO., INC.,   )
ELESYS NORTH AMERICA, INC., and   )
GENERAL MOTORS CORPORATION,       )
                                  )
            Defendants.           )
_____ )

### OPENING BRIEF IN SUPPORT OF TS TECH USA CORPORATION'S
### MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24(b)

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
tgrimm@mnat.com
bschladweiler@mnat.com
(302) 658-9200
  *Attorneys for Intervenor Defendant*
  *TS Tech USA Corporation*

OF COUNSEL:

James D. Curphey
Ryan P. Sherman
Porter, Wright, Morris & Arthur LLP
41 South High Street
Columbus, Ohio 43215
614/227-2000 (Phone)

October 2, 2006

# TABLE OF CONTENTS

Page

TABLE OF CITATIONS                                                           ii

NATURE AND STAGE OF PROCEEDINGS ............................................................. 1

SUMMARY OF ARGUMENT                                                           1

STATEMENT OF FACTS ......................................................................................... 2

ARGUMENT ........................................................................................................3

     I.       TS TECH SHOULD BE PERMITTED TO INTERVENE IN THIS
            ACTION ...............................................................................................2

           A.     TS Tech's motion to intervene is timely filed. ............................3

           B.     TS Tech's claims and defenses share a common question of
                law and fact with the claims and defenses asserted by the
                defendants. ...............................................................................4

CONCLUSION ....................................................................................................... 5

## <u>TABLE OF CITATIONS</u>

<u>Cases</u>                                                                                              <u>Page(s)</u>

*Arakaki v. Cayetano,*
  324 F.3d 1078 (9th Cir. 2003) ................................................................. 3

*Deutschman v. Beneficial Corp.,*
  132 F.R.D. 359 (D. Del. 1990) ............................................................. 3, 4

*UPS Worldwide Forwarding, Inc. v. U.S. Postal Serv.,*
  853 F.Supp. 800 (D. Del. 1994), rev'd on other grounds,
  66 F.3d 621 (3d Cir. 1995) ................................................................... 3

<u>Statutes and Other Authorities</u>

28 U.S.C. § 1331 ................................................................................. 5

28 U.S.C. § 1338(a) ............................................................................. 5

28 U.S.C. § 2201 ................................................................................. 5

28 U.S.C. § 2202 ................................................................................. 5

Fed. R. Civ. P 24(c) ............................................................................ 2

Fed. R. Civ. P. 24(b) ................................................................... 1, 2, 3, 5

## NATURE AND STAGE OF PROCEEDINGS

On March 17, 2006, Automotive Technologies International, Inc. ("ATI") filed this action against Elesys North America, Inc. ("Elesys"), General Motors Corporation, Inc. ("GM"), and American Honda Motor Company, Inc. ("Honda") for alleged infringement of eleven patents (D.I. 1). On May 3, 2006, ATI filed a First Amended Complaint, adding two additional patents and withdrawing one of the previously asserted patents (D.I. 12). On September 13, 2006, the Court entered an Order setting the trial date in this matter for February 4, 2008 (D.I. 35). In addition, this Court set an October 2, 2006 deadline for the joinder of additional parties. TS Tech USA Corporation ("TS Tech") now timely moves to intervene in this action as a defendant.

## SUMMARY OF ARGUMENT

TS Tech moves to intervene in this action pursuant to Fed. R. Civ. P. 24(b), which permits intervention where the applicant's claim or defense and the main action share a question of law or fact. In deciding whether to grant intervention, the Court must consider whether the intervention will unduly delay the proceedings or prejudice the rights of the original parties. TS Tech's motion to intervene satisfies this standard. TS Tech manufactures seating components for Honda which are directly implicated by ATI's claims of patent infringement. As such, TS Tech shares a common defense with Elesys, Honda, and GM. Moreover, TS Tech's motion is being filed early in these proceedings and prior to the Court's deadline for joining additional parties. As such, TS Tech's intervention will not delay these proceedings, nor prejudice the rights of any of the original parties.

Therefore, the Court should exercise its discretion under Fed. R. Civ. P. 24(b) and permit TS Tech to intervene as a defendant in this action. As required by Fed. R. Civ. P 24(c), TS Tech's proposed Answer and Counterclaim is attached as Exhibit A.

**STATEMENT OF FACTS**

ATI's First Amended Complaint alleges that defendants Elesys, Honda, and GM have infringed twelve patents duly and legally issued to ATI.  (D.I. 12 at ¶8.)  The twelve patents relate to occupant sensing, position sensing, weight sensing, airbag deployment, and related systems incorporated in certain vehicles manufactured and sold by Honda and GM.  (*Id.* at ¶10.) ATI further alleges that some of the patented systems are supplied to Honda and GM by Elesys. (*Id.* at ¶12.)  Moreover, ATI asserts that certain portions of the allegedly infringing safety systems are supplied to Honda and GM by "other automotive suppliers."  (*Id.* at ¶14.)  Upon information and belief, TS Tech is one such supplier.

TS Tech manufactures and supplies seat systems to Honda.  Included within the seat systems sold to Honda by TS Tech are some of the safety systems which are alleged to have infringed ATI's patents.  Upon information and belief, the systems manufactured by TS Tech are alleged to have infringed at least two of the patents at issue in this case, U.S. Patent No. 6,242,701 entitled "Apparatus and Method for Measuring Weight of an Occupying Item of a Seat," issued June 5, 2001 ("the '701 Patent") and U.S. Patent No. 6,484,080 entitled "Method and Apparatus for Controlling a Vehicular Component," issued November 19, 2002 ("the '080 Patent").

**ARGUMENT**

**I.     TS TECH SHOULD BE PERMITTED TO INTERVENE IN THIS ACTION**

As an alleged infringer of ATI's patents, TS Tech has a fundamental interest in asserting its claims and defenses as a party to this action.  ATI's claims of infringement directly implicate some of the safety systems and technologies that TS Tech manufactures and supplies to

Honda.  As such, TS Tech should be permitted to intervene in this case to protect its economic and legal interests in the seating systems at issue in ATI's lawsuit.

Fed. R. Civ. P. 24(b) provides in relevant part that "upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common."  Rule 24 has long received "liberal construction in favor of applicants for intervention."  *Arakaki v. Cayetano*, 324 F.3d 1078, 1082-83 (9th Cir. 2003).  A court may in its discretion permit a party to intervene pursuant to Fed. R. Civ. P. 24(b) "when there is (1) a timely application; and (2) a showing that the applicant's claim has a question of law or fact in common with the main claim."  *Deutschman v. Beneficial Corp.*, 132 F.R.D. 359, 382 (D. Del. 1990).  In deciding whether to grant intervention, "the court must consider whether the intervention will unduly delay or prejudice the rights of the original party." *Id.*

### A.    TS Tech's motion to intervene is timely filed.

TS Tech's motion to intervene is timely and will not prejudice any of the original parties to the action.  When determining whether a motion to intervene is timely, "the Court should consider three factors: (1) how far the proceedings have progressed when the applicant seeks to intervene; (2) the prejudice to the other parties which results from the delay; and (3) the reason for the delay."  *UPS Worldwide Forwarding, Inc. v. U.S. Postal Serv.*, 853 F.Supp. 800, 807 (D. Del. 1994), *rev'd on other grounds*, 66 F.3d 621 (3d Cir. 1995).

TS Tech's motion to intervene comes early in these proceedings.  Indeed, TS Tech has filed its motion prior to the parties' agreed deadline for joining additional parties.  Discovery has only just begun and the trial date is more than sixteen months away.  In fact, because defendants' motion to transfer venue to the Eastern District of Michigan is currently

pending before the Court, it is not even clear at this stage of the proceedings where the case will be heard.

As a result of TS Tech's early intervention, no parties will be prejudiced by its joinder in these proceedings. TS Tech does not seek to add any additional claims to this action, but merely seeks to defend itself against the claims of infringement asserted by ATI. Because discovery has only recently begun, TS Tech's presence will not alter the course of proceedings or require the parties to retread old ground. Finally, any suggestion of prejudice is belied by the fact that all of the parties agreed to permit the joinder of additional parties until October 2, 2006.

TS Tech's motion comes less than five months after ATI filed its First Amended Complaint. TS Tech's short delay in filing this motion was a result of its efforts to determine the precise nature of ATI's allegations and its relationship to TS Tech's seating systems. TS Tech and Honda have only recently confirmed that ATI's claims of patent infringement implicate some of the TS Tech systems supplied to Honda. Once this investigation was completed, TS Tech moved quickly to intervene. As such, TS Tech's motion is timely filed. *See Deutschman*, 132 F.R.D. at 380 (motion to intervene held to be timely where it was filed well before the close of discovery).

**B.    TS Tech's claims and defenses share a common question of law and fact with the claims and defenses asserted by the defendants.**

There can be no doubt that TS Tech's claims and defenses have a question of law or fact in common with defendants' claims and defenses. ATI's claims of patent infringement directly implicate some of the TS Tech systems manufactured and supplied to Honda. Indeed, ATI's First Amended Complaint specifically asserts that "other automobile suppliers" supply certain portions of the allegedly infringing systems to Honda. (D.I. 12 at ¶14.) Like Honda, TS

Tech seeks to defend the legality of the systems alleged to be infringing by ATI and to challenge the validity of the patents upon which ATI grounds it claims.

Finally, the Court has jurisdiction over TS Tech's defenses and counterclaims for declaratory relief pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

## **CONCLUSION**

TS Tech shares a common claim and defense with the defendants in this action and its addition to this lawsuit will not prejudice any of the original parties.  Accordingly, TS Tech respectfully requests that the Court grants its motion to intervene pursuant to Fed. R. Civ. P. 24(b).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/      Benjamin J. Schladweiler*
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
tgrimm@mnat.com
bschladweiler@mnat.com
(302) 658-9200
 *Attorneys for Intervenor Defendant*
 *TS Tech USA Corporation*

OF COUNSEL:

James D. Curphey
Ryan P. Sherman
Porter, Wright, Morris & Arthur LLP
41 South High Street
Columbus, OH 43215
614/227-2000

October 2, 2006

539516

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 2, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

> Richard K. Herrmann, Esquire
> MORRIS, JAMES, HITCHENS & WILLIAMS LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on October 2, 2006 upon the following individuals in the manner indicated:

**<u>BY HAND</u>**

Richard K. Herrmann, Esquire
MORRIS, JAMES, HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801

**<u>BY FEDERAL EXPRESS</u>**

Andrew Kochanowski, Esquire
SOMMERS SCHWARTZ, P.C.
2000 Town Center, Suite 900
Southfield, MI  48075

Michael H. Baniak, Esquire
BANIAK PINE & GANNON
150 N. Wacker Drive, Suite 1200
Chicago, IL  60606

*Attorneys for Plaintiff*
*Automotive Technologies International, Inc.*

Timothy O. Delaney, Esquire
Brinks, Hofer, Gilson & Lione
NBC Tower – Suite 3600
45 North Cityfront Plaza Drive
Chicago, IL  60611

*Attorneys for Defendants*
*American Honda Motor Co., Inc.,*
*Elesys North America, Inc., and*
***General Motors Corporation***

*/s/  Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)
bschladweiler@mnat.com

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| _____ ) | |
| ) | |
| AUTOMOTIVE TECHNOLOGIES ) | |
| INTERNATIONAL, INC., ) | |
| ) | |
|        Plaintiff, ) | |
| ) | |
|   v. ) | Civil Action No. 06-187-GMS |
| ) | |
| AMERICAN HONDA MOTOR CO., INC., ) | |
| ELESYS NORTH AMERICA, INC., and ) | |
| GENERAL MOTORS CORPORATION, ) | |
| ) | |
|       Defendants. ) | |
| _____ ) | |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF**
**INTERVENOR DEFENDANT TS TECH USA CORPORATION**

      Pursuant to Fed. R. Civ. P. 8 and 12, Intervenor Defendant TS Tech USA

Corporation ("TS Tech") answers the First Amended Complaint of Automotive Technologies

International, Inc, ("ATI") as follows:

**PARTIES, JURISDICTION AND VENUE**

      1.    Plaintiff Automotive Technologies International, Inc. ("ATI") is a
Delaware corporation.

**ANSWER:**

      Admitted.


      2.    Defendant American Honda Motor Company ("Honda") is a California
corporation.  Defendant Honda imports and sells in the United States automobiles manufactured
in Japan and the United States under the "Honda" and "Acura" names.

**ANSWER:**

TS Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore denies these allegations.

3.    Defendant Elesys North America, Inc. ("Elesys") is a Georgia corporation. Elesys is a supplier of products to the automotive industry.

**ANSWER:**

TS Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore denies these allegations.

4.    Defendant General Motors Corporation ("GM") is a Delaware corporation.  GM sells vehicles in the United States under the "Buick," "Pontiac," and "Saturn" names, among others.

**ANSWER:**

TS Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore denies these allegations.

5.    This is an action for patent infringement.  All of the acts of patent infringement complained of in this Complaint occurred, among other places, within this judicial district.

**ANSWER:**

TS Tech admits that this purports to be an action for alleged patent infringement. TS Tech denies the remaining allegations of paragraph 5.

6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331 over this infringement action, arising under the Patent Act, 35 U.S.C. § 1 et seq., including §§ 271 and 281-285.

**ANSWER:**

Admitted.

       7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), (c) and 28 U.S.C. § 1400(b).  The Court has personal jurisdiction over each of the parties.

**ANSWER:**

      Admitted.  Pursuant to 28 U.S.C. § 1404(a), however, venue is most proper in the United States District Court for the Eastern District of Michigan.

## GENERAL ALLEGATIONS

       8.     The following patents have been issued duly and legally to Plaintiff ATI on the following dates:

    a.     U.S. Patent No, 5,901,978 entitled "Method and Apparatus for Detecting the Presence of a Child Seat," issued May 11, 1999. (Exhibit 1)

    b.     U.S. Patent No. 6,242,701 entitled "Apparatus and Method for Measuring Weight of an Occupying Item of a Seat," issued June 5, 2001.  (Exhibit 2)

    c.     U.S. Patent No. 6,325,414 entitled "Method and Arrangement for Controlling Deployment of a Side Airbag," issued December 4, 2001. (Exhibit 3)

    d.     U.S. Patent No. 6,397,136 entitled "System for Determining the Occupancy State of a Seat in a Vehicle," issued May 28, 2002.  (Exhibit 4)

    e.     U.S. Patent No. 6,422,595 entitled "Occupant Position Sensor and Method and Arrangement for Controlling a Vehicular Component Based on an Occupant's Position," issued July 23, 2002. (Exhibit 5)

    f.     U.S. Patent No. 6,869,100 entitled "Method and Apparatus for Controlling an Airbag," issued March 22, 2005. (Exhibit 6)

    g.     U.S. Patent No. 6,757,602 entitled "System For Determining the Occupancy State of a Seat in a Vehicle and Controlling a Component Based Thereon," issued June 29, 2004. (Exhibit 7)

    h.     U.S. Patent No. 6,712,387 entitled "Method and Apparatus for Controlling Deployment of a Side Airbag," issued March 30, 2004. (Exhibit 8)

    i.     U.S. Patent No. 6,942,248 entitled "Occupant Restraint Device Control System and Method," issued September 13, 2005. (Exhibit 9)

    j.     U.S. Patent No. 6,958,451 entitled "Apparatus and Method for Measuring Weight of an Occupying Item of a Seat," issued October 25, 2005. (Exhibit 10)

k.     U.S. Patent No. 6,484,080 entitled "Method and Apparatus for Controlling a Vehicular Component," issued November 19, 2002. (Exhibit 11)

l.     U.S. Patent No. 6,850,824 entitled "Method and Apparatus for Controlling a Vehicular Component," issued February 1, 2005. (Exhibit 12).

**ANSWER;**

TS Tech admits that U.S. Patent Nos. 5,901,978, 6,242,701, 6,325,414, 6,397,136, 6,422,595, 6,869,100, 6,757,602, 6,712,387, 6,942,248, 6,958,451, 6,484,080 and 6,850,824 ("the ATI Patents") are attached to the Plaintiff's First Amended Complaint as Exhibits 1-12, respectively. TS Tech admits that ATI is the listed assignee on the face of the ATI Patents. TS Tech admits that the ATI Patents have titles of inventions and the issue dates identified in paragraph 8, a-1. TS Tech is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8, and on that basis, denies these allegations.

## PATENT INFRINGEMENT

9.    All of the patents set forth in paragraph 8, a-1 (collectively, "the ATI Patents"), are valid, subsisting, enforceable, and are presently owned by ATI and have been owned by ATI for all times relevant hereto.

**ANSWER:**

TS Tech denies that all of the patents set forth in paragraph 8, a-1, are valid. TS Tech is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9, and therefore denies these allegations.

10.    The general subjects covered by the ATI Patents include, but are not limited to occupant sensing, position sensing, weight sensing, airbag deployment, and related systems as used in a vehicle containing airbags.

**ANSWER:**

TS Tech admits that some of the subjects identified in paragraph 10 are addressed in some of the ATI Patents. TS Tech is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraph 10, and therefore denies these allegations.

       11.    Among the products made, sold, used, or imported by Elesys are the following:

    a.    "Passenger Sensing System";
    b.    "Seat Sentry System";
    c.    "Occupant Detection System"; and
    d.    "Low Risk Deployment System".

**ANSWER:**

       TS Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore denies these allegations.

       12.    Elesys sells some or all of the above systems, either singularly or in combination, to Defendants Honda and GM. Upon information and belief, Elesys has supplied Honda since approximately 2001. Upon information and belief, Elesys has supplied GM since 2004. Elesys has recently announced the intention to supply the product systems, or some of them, to approximately 1.1 million additional GM vehicles.

**ANSWER:**

       TS Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore denies these allegations.

       13.    All of the product systems referenced above infringe, directly or by contributory infringement, the ATI Patents. None of the Defendants has any right or license from ATI under the ATI Patents.

**ANSWER:**

       TS Tech admits that TS Tech has no license from ATI under the ATI Patents. TS Tech is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13, and therefore denies these allegations.

       14.    Defendant Honda makes, uses, imports and/or sells vehicles with an occupant position detection system called Occupant Position Detection System ("OPDS") in

various model Hondas and Acuras sold in the United States. The OPDS system may vary slightly from model to model, but on information and belief, contains the Elesys Passenger Sensing System, the Occupant Detection System, the Seat Sentry and/or the Low Risk Deployment System (since 2006). Certain portions of the OPDS system are supplied by other automotive suppliers. Among the variations of the OPDS system used in Honda and Acura vehicles is a system employing a strain gage weight sensor and/or seat belt sensors. The OPDS system comprises and controls, or works in conjunction with a controller for, among other things, suppressing or allowing the deployment of side airbags and side curtain airbags in a vehicle equipped with the system(s). Upon information and belief, the OPDS system has been used in the following models:

| Year | Model |
|------|-------|
| 2002 | Honda Accord |
| 2003 | Honda Accord |
| 2003 | Honda Civic Hybrid |
| 2004 | Honda Accord |
| 2005 | Honda Odyssey |
| 2005 | Honda Pilot |
| 2005 | Honda Accord Hybrid |

| Year | Model |
|------|-------|
| 2005 | Honda Accord |
| 2005 | Honda Element |
| 2006 | Honda Element |
| 2006 | Honda Accord |
| 2006 | Honda CRV |
| 2006 | Honda Ridgeline |
| 2006 | Honda Civic |
| 2006 | Honda Accord Hybrid |

| Year | Model |
|------|-------|
| 2001 | Acura MDX |
| 2002 | Acura MDX |
| 2003 | Acura 3.2 CL |
| 2003 | Acura TL |
| 2003 | Acura MDX |
| 2004 | Acura TL |
| 2004 | Acura MDX |
| 2005 | Acura TL |
| 2005 | Acura MDX |
| 2006 | Acura TSX |
| 2006 | Acura TL |
| 2006 | Acura RL |
| 2006 | Acura MDX |

**ANSWER:**

TS Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore denies these allegations.

15.     Upon information and belief, additional Honda and Acura models to those listed in paragraph 14 have been equipped with the OPDS system, and continue to be sold in the United States with the OPDS system.

**ANSWER:**

TS Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore denies these allegations.

16.     Each of the vehicles listed above, and those vehicles not specifically listed but which use the system described above, infringe the ATI Patents.

**ANSWER:**

TS Tech denies that any product made, sold, offered for sale or used by TS Tech infringes the ATI Patents. TS Tech is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 16, and therefore denies these allegations.

17.    Defendant Honda markets and sells these models to the public. Defendant will continue to do so unless enjoined by this Court.

**ANSWER:**

TS Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies these allegations.

18.    Defendant GM makes, uses, and sells vehicles which employ some or all of the Elesys product systems set forth above in paragraph 11, called in some instance, the Passenger Presence System. Certain GM vehicles use the Elesys systems in conjunction with seatbelt sensors. The Elesys system in GM vehicles comprises and controls, or works in conjunction with a controller for, among other things, suppressing or allowing the deployment of side airbags and side curtain airbags in a vehicle equipped with the system(s). Upon information and belief the Elesys systems are supplied in the following GM vehicles:

| Year | Model |
|------|-------|
| 2005 | Pontiac G6 |
| 2006 | Pontiac G6 |
| 2005 | Pontiac Grand Prix |
| 2006 | Pontiac Grand Prix |
| 2005 | Saturn Ion |
| 2006 | Saturn Ion |
| 2005 | Saturn Vue |
| 2006 | Saturn Vue |
| 2005 | Buick LaCrosse |
| 2006 | Buick LaCrosse |

**ANSWER:**

TS Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies these allegations.

19.    Upon information and belief, GM makes and sells other models than those listed in Paragraph 17 with the Passenger Presence System or other-named system using Elesys products. Each of the vehicles listed above, and those vehicles not specifically listed but which use the system described above, infringe the ATI Patents set forth in paragraph 8, with the exception of the '387, '451, '414, and '701 Patents. Defendant GM markets and sells these models to the public. Defendant will continue to do so unless enjoined by this Court.

**ANSWER:**

TS Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies these allegations.

20.     At least as early as February, 2004, ATI advised Elesys of the existence of various of the above-listed patents and sought to discuss the license of the ATI Patents to Elesys. Elesys was formed as a joint venture between Defendant Honda and a third-party, NEC, Inc., another automotive supplier. Upon information and belief, as of February, 2004, Honda had knowledge of various of the ATI patents at issue in this case. Additionally, certain of the patents at issue in this action have been actually known to NEC and Honda, Japan, earlier than February, 2004.

**ANSWER:**

TS Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies these allegations.

21.     In addition to the above, beginning in October, 2005, ATI placed Honda on notice of certain patents at issue in this lawsuit via written communications with Koichi Kondo, William R. Willen, of Honda, and Takeo Oi, Intellectual Property Division of Honda Motor Company, Ltd. in Japan. As a result, Honda has known of certain if not all of the patents at issue in this case prior to this Complaint.

**ANSWER:**

TS Tech is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies these allegations.

## AFFIRMATIVE DEFENSES

Further responding to ATI's First Amended Complaint, TS Tech asserts the following affirmative defenses and reserves the right to amend its Answer as additional information becomes available:

1.     The First Amended Complaint fails to state a claim upon which relief can be granted.

2.      Upon information and belief, the claims of the patent-in-suit are invalid for failure to comply with the requirements of the patent laws of the United States set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103 and 112.

3.      TS Tech has not and does not infringe, induce infringement, or contribute to the infringement of any valid and enforceable claim of the patent-in-suit.

4.      Equitable principles, including the doctrine of unclean hands or patent misuse, or both, bar the First Amended Complaint because Plaintiff seeks to enforce a patent that, upon information and belief, Plaintiff knows to be invalid, void, unenforceable, or not infringed.

5.      The First Amended Complaint may be barred by the doctrines of laches, estoppel, or waiver.

6.      TS Tech incorporates by reference as affirmative defenses the allegations set forth below supporting its Counterclaims.

## COUNTERCLAIMS

For its Counterclaims against ATI, TS Tech states as follows:

1.      This Court has jurisdiction over these Counterclaims pursuant to Fed. R. Civ. P. 13. Jurisdiction in this Court also is proper pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. Venue is proper for these Counterclaims because ATI elected this forum for suit and pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  Pursuant to 28 U.S.C. § 1404(a), venue is also proper in the United States District Court for the Eastern District of Michigan.

2.      An actual controversy exists between the parties, including TS Tech, as to the asserted infringement, validity, and enforceability of some or all of the ATI Patents.

3.     Intervention is proper for TS Tech's claims and defenses because they contain common questions of law and fact to the main action, and intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.

## FIRST COUNTERCLAIM

### DECLARATION OF NONINFRINGEMENT OF THE ATI PATENTS

4.     TS Tech realleges and incorporates by reference the responses and allegations set forth above.

5.     TS Tech has not infringed and is not infringing, either directly, contributorily, or by active inducement, any claim of the ATI Patents.

## SECOND COUNTERCLAIM

### DECLARATION OF INVALIDITY OF THE ATI PATENTS

6.     TS Tech realleges and incorporates by reference the responses and allegations set forth above.

7.     The ATI Patents are invalid and void for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, §§ 102, 103, and 112.

## PRAYER FOR RELIEF

**WHEREFORE,** TS Tech prays for a judgment:

a)     dismissing ATI's First Amended Complaint with prejudice;

b)     declaring that TS Tech has not infringed any claim of the ATI Patents;

c)     declaring that the ATI Patents are invalid;

d)     adjudging this case to be an exceptional case pursuant to 35 U.S.C. § 285, and awarding TS Tech its costs and attorneys' fees; and

e)     granting such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/      Benjamin J. Schladweiler*

Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
tgrimm@mnat.com
bschladweiler@mnat.com
(302) 658-9200
  *Attorneys for Intervenor Defendant*
  *TS Tech USA Corporation*

OF COUNSEL:

James D. Curphey
Ryan P. Sherman
Porter, Wright, Morris & Arthur LLP
41 South High Street
Columbus, OH 43215
614/227-2000

October 2, 2006

539506