# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

THOMAS C. GRIMM
302 351 9595
302 425 4661 FAX
tgrimm@mnat.com

December 11, 2006

**BY E-FILING**

The Honorable Gregory M. Sleet
United States District Court
  for the District of Delaware
844 King Street
Wilmington, DE 19801

        Re:    *Automotive Technologies International, Inc. v. American Honda Motor Co., Inc., et al.*, C.A. No. 06-187-GMS

Dear Judge Sleet:

      Following up on Friday's teleconference with the Court, American Honda, Inc. ("Honda"), General Motors Corp. ("GM") and Elesys North America, Inc. ("Elesys") submit this letter addressing the relevance of the Court's recent transfer decision in *Alloc, Inc. v. Unilin Décor N.V.*, C.A. Nos. 03-253-GMS, 05-587-GMS, 2006 WL 3050815 (D. Del. Oct. 26, 2006) (Sleet, J.), and to advise the Court of additional developments since the close of briefing that are relevant to the Court's transfer decision.

      In *Alloc*, the Court reiterated that a party's incorporation in Delaware is not enough to prevent transfer when the proposed transferee forum is more convenient. In *Alloc*, this Court transferred a patent infringement case to the Eastern District of Wisconsin, even though the plaintiff and one of the defendants were incorporated in Delaware. The Court noted that none of the parties had facilities in Delaware, none of them maintained principal places of business in Delaware, the Eastern District of Wisconsin was plaintiff's principal place of business, and the parties in the Delaware case were currently parties to a Wisconsin action involving the same patents.[1]

---

[1]    This Court again reaffirmed that a party's state of incorporation in Delaware will not trump a more convenient forum in *Weisler v. Barros*, C.A. No. 06-362 GMS, 2006 WL 3201882 (D. Del. Nov. 6, 2006) (Sleet, J.)

The Honorable Gregory M. Sleet
December 11, 2006
Page 2

Similarly, in the current case, none of the parties maintains principal places of business in Delaware, none of the activities concerning the accused products takes place in Delaware, none of the witnesses are located in Delaware, most of the activities concerning the accused products take place in and around the Eastern District of Michigan, most of the relevant third-party witnesses are located there, GM's principal place of business is in the Eastern District of Michigan, ATI (until recently) maintained a place of business there, and the Eastern District of Michigan has prior experience with patents related to those in suit and with prior related litigation filed by ATI against Honda and GM, as well as others.[2]  In fact, ATI recently served a subpoena in this case on one of Honda's and GM's counsel in the *ATI v. BMW et al.,* Case No. 2:01-cv-71700 (E.D. Mich 2001) seeking documents from that case for use in this case (Exhibit A).  This further confirms the relatedness of ATI's prior Michigan suits to the current one.  At the end of the day, Delaware's *sole* connection with this case is that it is the state of incorporation for ATI and GM.  This connection alone does not justify keeping this case in Delaware.

Defendants also would like to advise the Court of recent developments that are relevant to the transfer motion.  As the Court knows, there are two parties that potentially may be added to this suit:  TS Tech USA Corporation ("TS Tech") and Takata, Inc. ("Takata") - both suppliers to Honda.  Defendant Honda has filed a third-party complaint against Takata.  TS Tech has moved to intervene.  Counsel for TS Tech and counsel for Takata have advised Honda's counsel that TS Tech and Takata are both in favor of defendants' transfer motion, because the Eastern District of Michigan is more convenient for TS Tech and Takata as well.

Specifically, counsel for Honda is advised that neither TS Tech nor Takata have any facilities or employees in Delaware.  Takata maintains an office and employees in the Eastern District of Michigan.  TS Tech's principal manufacturing facility and the bulk of their employees are located in neighboring Ohio.  In fact, ATI recently served a subpoena in this case on Takata's facility in the Eastern District of Michigan.  (Exhibit B).  Once again, the only connection that Delaware has with either of these two potential parties is that it is Takata's state of incorporation.

ATI has also recently served subpoenas on additional entities located in the Eastern District of Michigan, which further demonstrates the strong connection that this case has with that jurisdiction.  (Exhibit C).  Notably, to date, no subpoenas have been served on any entity or person located in Delaware.

---

[2]     *See* Defendants' Opening Brief, Exhibit G; Defendants' Reply Brief, Exhibit D.

The Honorable Gregory M. Sleet
December 11, 2006
Page 3


       For the reasons set forth above and in defendants' briefing on the transfer motion, this case should be transferred to the Eastern District of Michigan.

Respectfully,

*Thomas C. Grimm*

Thomas C. Grimm (#1098)


TCG
Enclosures
cc:     Dr. Peter T. Dalleo, Clerk (by hand - w/encls.)
        Richard K. Herrmann, Esquire (by e-filing - w/encls.)
        Timothy Q. Delaney, Esquire (by e-mail - w/encls.)
        Andrew Kochanowski, Esquire (by e-mail - w/encls.)
        Michael H. Baniak, Esquire (by e-mail - w/encls.)

E{\sc xhibit} A

LAW OFFICES

# SOMMERS SCHWARTZ

P R O F E S S I O N A L   C O R P O R A T I O N

LAWRENCE WARREN
STEVEN J. SCHWARTZ
JOHN F. VOS III
JEFFREY N. SHILLMAN
NORMAN D. TUCKER
ROBERT H. DARLING
DONALD J. GASIOREK
PATRICK B. MCCAULEY
JUSTIN C. RAVITZ
ALLEN J. KOVINSKY
JOSEPH A. GOLDEN
WILLIAM M. BRUKOFF
RICHARD D. TOTH
ALLEN J. WALL
RICHARD D. FOX

FRANK MAFRICE
JAMES J. VLASIC
LEON M. SCHURGIN
VICTOR A. COEN
RICHARD L. GROFFSKY
DAVID J. WINTER
JOSEPH E. GRINNAN
DAVID M. BLACK
DANIEL D. SWANSON
MICHAEL J. CUNNINGHAM
MATTHEW G. CURTIS
CHARLES R. ASH III
ROBERT J. SCHWARTZ
ROBERT B. SICKELS
JOHN L. RUNCO

TRACY L. ALLEN
SAM G. MORGAN
ANDREW KOCHANOWSKI
ANNE M. SCHOEPFLE
KENNETH T. WATKINS
JAY G. YASSO
J. LEE TILSON
PATRICIA A. STAMLER
LISA K. PERNICK
JOSEPH H. BOURGON
DAVID J. SZYMANSKI
GERALD D. WAHL
DAVID F. GRECO
RANDALL M. BLAU
JENNIFER M. GRIECO

CAMERON R. GETTO
SAMUEL A. MEKLIR
GERALD D. KELLER
MURRAY C. SLOMOVITZ
RICHARD G. BREWER
LENA AGREE
MICHAEL E. GERAGHTY
BETH N. DESMON
NABEEL N. HAMAMEH
KIM E. SNOVER
DANIELLE C. SCHOENY
KEVIN J. STOOPS
MANDY K. TURNBULL
SCOTT WEIDENFELLER
TELISA T. OWENS

OF COUNSEL
LEONARD B. SCHWARTZ
PAUL GROFFSKY
DAVID R. GETTO
PAUL W. HINES
DAVID L. NELSON
GARY A. TABACK
MARVIN R. STEMPIEN
H. ROLLIN ALLEN
PAUL L. NINE, P.C.
MITCHELL, LORD & ASSOCIATES, PLLC

SENIOR COUNSEL
NORMAN S. SOMMERS
HOWARD SILVER
CHARLES S. FARMER

STANLEY S. SCHWARTZ
(1930-2004)
PATRICK J. BURKETT
(1956-2004)
JEREMY L. WINER
(1942-2001)
KENNETH V. COCKREL
(1938-1989)

November 3, 2006

Kathleen Lang, Esquire                          **Hand Delivered**
Dickinson, Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226

RE:   **Automotive Technologies International, Inc. v Elesys, et al
      C.A. No. 06-187-GMS**

Dear Kathy:

Enclosed please find a courtesy copy of a Subpoena we are serving on Dickinson Wright with respect to certain documents produced by the joint defendants in the ATI/BMW litigation. For your convenience, the documents called for under the Subpoena are contained in the enclosed CD. They have been renumbered with an ATI number, however, the original JD production numbers have not been obscured. We are, unfortunately, forced to go the Subpoena route since our numerous letters and attempts to have these documents be produced under some other arrangement have gone unheeded.

I hope things are going well for you.

Very truly yours,

SOMMERS SCHWARTZ, P.C.

Andrew Kochanowski

AK:dw
Enclosure
cc:   Michael Baniak
      Boyd Cloern

# United States District Court
## Eastern District of Michigan
### *Subpoena in a Civil Case and Return of Service Form*

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC., a Delaware Corporation | v | AMERICAN HONDA MOTOR COMPANY, ELESYS NORTH AMERICA, INC. and GENERAL MOTORS CORPORATION |

**TO:** Dickinson, Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226

CASE NO.  06-00187 (District of Delaware)

JUDGE   Gregory M. Sleet

☐ SUBPOENA FOR ATTENDANCE AT TRIAL
☐ SUBPOENA FOR ATTENDANCE AT A DEPOSITION
☒ DOCUMENT PRODUCTION REQUEST ONLY
☐ PROPERTY INSPECTION REQUEST ONLY

| **COMMAND TO APPEAR** | YOU ARE HERBY COMMANDED to appear at the place, date and time specified below to give testimony  in the above case, and, if so indicated, to bring certain documents you. |
|---|---|

Place:

Date:

Time:

☐   APPEARANCE WITH DOCUMENTS (SEE DESCRIPTION BELOW)

☐   APPEARANCE WITHOUT DOCUMENTS

| **COMMAND FOR DOCUMENTS** | YOU ARE HERBY COMMANDED to have the following documents, objects or things delivered to the place listed below, or allow the inspection of the below-listed property at the date and time specified. |
|---|---|

Place:

SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER, SUITE 900
SOUTHFIELD, MI 48075-1100
(248) 355-0300

Date:  MONDAY, NOVEMBER 13, 2006

Time:  10:00 a.m.

Description of documents/items to be produced or property to be inspected:   Documents designated as ATI 25546 to ATI 26304 (see attached CD).

| This subpoena is issued by (name, address and telephone Number of attorney:) | Date of execution | Signature of issuing attorney/court officer |
|---|---|---|
| ANDREW KOCHANOWSKI (P55117) SOMMERS SCHWARTZ, P.C. 2000 TOWN CENTER, SUITE 900 SOUTHFIELD, MI 48075-1100 (248) 355-0300 | November 3, 2006 <br><br> On behalf of the <br> ☒ Plaintiff   ☐ Defendant | *[signature]* |

*INT-0129-MIE-4/92 REV. 4/94*

PAGE ONE OF TWO

EXHIBIT B

# United States District Court
# Eastern District of Michigan
## *Subpoena in a Civil Case and Return of Service Form*

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC., a Delaware Corporation | v | AMERICAN HONDA MOTOR COMPANY, ELESYS NORTH AMERICA, INC. and GENERAL MOTORS CORPORATION |

TO:   Takata Restraint Systems, Inc.
2500 Takata Drive
Auburn Hills, MI 48326

| CASE NO. | 06-00187 (District of Delaware) |
|---|---|
| JUDGE | Gregory M. Sleet |

☐ SUBPOENA FOR ATTENDANCE AT TRIAL
☐ SUBPOENA FOR ATTENDANCE AT A DEPOSITION
☒ DOCUMENT PRODUCTION REQUEST ONLY
☐ PROPERTY INSPECTION REQUEST ONLY

| COMMAND TO APPEAR | YOU ARE HERBY COMMANDED to appear at the place, date and time specified below to give testimony   in the above case, and, if so indicated, to bring certain documents you. |
|---|---|

Place:

Date:

Time:

☐   APPEARANCE WITH DOCUMENTS (SEE DESCRIPTION BELOW)

☐   APPEARANCE WITHOUT DOCUMENTS

| COMMAND FOR DOCUMENTS | YOU ARE HERBY COMMANDED to have the following documents, objects or things delivered to the place listed below, or allow the inspection of the below-listed property at the date and time specified. |
|---|---|

Place:

SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER, SUITE 900
SOUTHFIELD, MI 48075
(248) 355-0300

Date:   FRIDAY, OCTOBER 6, 2006

Time:   10:00 a.m.

Description of documents/items to be produced or property to be inspected:  See Exhibit A attached.

| This subpoena is issued by (name, address and telephone Number of attorney:) | Date of execution | Signature of issuing attorney/court officer |
|---|---|---|
| ANDREW KOCHANOWSKI (P55117) SOMMERS SCHWARTZ, P.C. 2000 TOWN CENTER, SUITE 900 SOUTHFIELD, MI 48075 (248) 355-0300 | SEPTEMBER 15, 2006<br><br>On behalf of the<br>☒ Plaintiff   ☐ Defendant | *Andrew Kochanowski* |

*INT-0129-MIE-4/92 REV. 4/94*

**Federal Rules of Civil Procedure**
**Rule 45**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party   or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time  specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial  is held, or (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects or person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request or any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,
the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

RETURN OF SERVICE

| Served on: | Place: |
|---|---|
| | |

| Date of Service | Amount of fees tendered | Printed name of server |
|---|---|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service is true and correct.

| Signature of server | Address of server |
|---|---|
| Date of execution | |

PAGE TWO OF TWO

**Subpoena to Takata Restraint Systems, Inc.**

## <u>EXHIBIT A</u>

1.      (1) All documents referring, relating or concerning strain gage weight sensors supplied to Honda Motor Company, Ltd. and/or American Honda Motor Company, Inc., (including any subsidiary affiliate or Tier I or II integrator directed by Honda), (2) BSRS, Inc., (3) NEC, Inc. and/or (4) Elesys North America, Inc., between 1999 and the present.

2.      All purchase orders reflecting sales of strain gage weight sensors to Honda Motor Company, Ltd. and/or American Honda Motor Company, Inc. and (2) BSRS, Inc., (3) NEC, Inc. and/or Elesys North America, Inc. (including any subsidiary affiliate or Tier I or II integrator directed by Honda).

3.      Schematic diagrams, system descriptions, and other documents relating, referring or concerning the controller(s) supplied to Honda Motor Company, Ltd. and/or American Honda Motor Company, Inc. (including any subsidiary affiliate or Tier I or II integrator directed by Honda),  in connection with the supply of strain gage weight sensors to these companies from 1999 to the present.

4.      All documents referring, relating or concerning integration of a strain gage weight sensor and/or strain gage weight sensor controller with a Honda SRS or OPDS (Occupant Protection Detection System) system between 1997 and the present.

5.      All systems requirements relating or concerning a strain gage weight sensors and/or strain gage weight sensor controller with a Honda SRS or OPDS system between 1997 and the present.

6.      All algorithm requirements relating or concerning a strain gage weight sensors and/or strain gage weight sensor controller with a Honda SRS or OPDS system between 1997 and the present.

7.      All algorithm descriptions relating or concerning a Honda SRS.

8.      All algorithm description relating or concerning a Honda OPDS.

EXHIBIT C

# United States District Court
# Eastern District of Michigan



## *Subpoena in a Civil Case and Return of Service Form*

| Plaintiff(s)<br>AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC., a Delaware Corporation | v | Defendant(s)<br>AMERICAN HONDA MOTOR COMPANY, ELESYS NORTH AMERICA, INC. and GENERAL MOTORS CORPORATION |
|---|---|---|

TO:     Siemens VDO Automotive Corporation
        2400 Executive Hills Blvd.
        Auburn Hills, MI 48326-2980

| CASE NO. | 06-00187 (District of Delaware) |
|---|---|
| JUDGE | Gregory M. Sleet |

☐ SUBPOENA FOR ATTENDANCE AT TRIAL
☐ SUBPOENA FOR ATTENDANCE AT A DEPOSITION
☒ DOCUMENT PRODUCTION REQUEST ONLY
☐ PROPERTY INSPECTION REQUEST ONLY

| COMMAND TO APPEAR | YOU ARE HERBY COMMANDED to appear at the place, date and time specified below to give testimony   in the above case, and, if so indicated, to bring certain documents you. |
|---|---|

Place:

Date:

Time:

☐     APPEARANCE WITH DOCUMENTS (SEE DESCRIPTION BELOW)

☐     APPEARANCE WITHOUT DOCUMENTS

| COMMAND FOR DOCUMENTS | YOU ARE HERBY COMMANDED to have the following documents, objects or things delivered to the place listed below, or allow the inspection of the below-listed property at the date and time specified. |
|---|---|

Place:

SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER, SUITE 900
SOUTHFIELD, MI 48075
(248) 355-0300

Date:    FRIDAY, OCTOBER 6, 2006

Time:    10:00 a.m.

Description of documents/items to be produced or property to be inspected:  See Exhibit A attached.

| This subpoena is issued by (name, address and telephone Number of attorney:)<br>ANDREW KOCHANOWSKI (P55117)<br>SOMMERS SCHWARTZ, P.C.<br>2000 TOWN CENTER, SUITE 900<br>SOUTHFIELD, MI 48075<br>(248) 355-0300 | Date of execution<br><br>SEPTEMBER 15, 2006<br><br>On behalf of the<br>☒ Plaintiff   ☐ Defendant | Signature of issuing attorney/court officer |
|---|---|---|

INT-0129-MIE-4/92 REV. 4/94

PAGE ONE OF TWO

**Federal Rules of Civil Procedure**
**Rule 45**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## RETURN OF SERVICE

| Served on: | Place: |
|---|---|
|  |  |

| Date of Service | Amount of fees tendered | Printed name of server |
|---|---|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service is true and correct.

| Signature of server | Address of server |
|---|---|
| Date of execution |  |

PAGE TWO OF TWO

**Subpoena to Siemens VDO Automotive Corporation**

## EXHIBIT A

1.    All documents referring, concerning or relating to development work by BSRS (joint venture between Breed Corporation and Siemens AG) relating to the Honda Motor Company and/or American Honda Motor Company Occupant Protection Detection System (OPDS).

2.    All documents referring, concerning or relating to development work by BSRS and NEC Corporation and/or NEC Automotive Technologies Corporation and/or Elesys North America, Inc. (including its subsidiaries, affiliates, or designees),  relating to the Honda OPDS system.

3.    System descriptions, specifications, performance requirements, and other documents relating, referring or concerning sensors supplied to Honda Motor Company (including American Honda Motor Company, Inc. or any subsidiary or affiliated) which are used or incorporated into Honda's SRS system.

4.    System descriptions, specifications, performance requirements, and other documents relating, referring or concerning sensors supplied to Honda Motor Company (including American Honda Motor Company, Inc., or any subsidiary or affiliated) which are used or incorporated into Honda's OPDS system.

5.    All algorithm descriptions relating or concerning a Honda SRS.

6.    All algorithm description relating or concerning a Honda OPDS.

# United States District Court
# Eastern District of Michigan
## *Subpoena in a Civil Case and Return of Service Form*



| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC., a Delaware Corporation | v | AMERICAN HONDA MOTOR COMPANY, ELESYS NORTH AMERICA, INC. and GENERAL MOTORS CORPORATION |

TO:   Siemens Automotive Corporation
      2400 Executive Hills Blvd.
      Auburn Hills, MI 48326-2980

| CASE NO. | 06-00187 (District of Delaware) |
|---|---|
| JUDGE | Gregory M. Sleet |

☐ SUBPOENA FOR ATTENDANCE AT TRIAL
☐ SUBPOENA FOR ATTENDANCE AT A DEPOSITION
☒ DOCUMENT PRODUCTION REQUEST ONLY
☐ PROPERTY INSPECTION REQUEST ONLY

| **COMMAND TO APPEAR** | YOU ARE HERBY COMMANDED to appear at the place, date and time specified below to give testimony   in the above case, and, if so indicated, to bring certain documents you. |
|---|---|

Place:

Date:

Time:

☐   APPEARANCE WITH DOCUMENTS (SEE DESCRIPTION BELOW)
☐   APPEARANCE WITHOUT DOCUMENTS

| **COMMAND FOR DOCUMENTS** | YOU ARE HERBY COMMANDED to have the following documents, objects or things delivered to the place listed below, or allow the inspection of the below-listed property at the date and time specified. |
|---|---|

Place:

SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER, SUITE 900
SOUTHFIELD, MI 48075
(248) 355-0300

Date:   FRIDAY, OCTOBER 6, 2006
Time:   10:00 a.m.

Description of documents/items to be produced or property to be inspected:  See Exhibit A attached.

| This subpoena is issued by (name, address and telephone Number of attorney:) | Date of execution | Signature of issuing attorney/court officer |
|---|---|---|
| ANDREW KOCHANOWSKI (P55117) SOMMERS SCHWARTZ, P.C. 2000 TOWN CENTER, SUITE 900 SOUTHFIELD, MI 48075 (248) 355-0300 | SEPTEMBER 15, 2006 <br><br> On behalf of the <br> ☒ Plaintiff  ☐ Defendant | *Andrew Kochanowski* |

*INT-0129-MIE-4/92 REV. 4/94*

**Federal Rules of Civil Procedure**
**Rule 45**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects or person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request or any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

RETURN OF SERVICE

| Served on: | Place: |
|---|---|
| | |
| | |
| | |

| Date of Service | Amount of fees tendered | Printed name of server |
|---|---|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service is true and correct.

| Signature of server | Address of server |
|---|---|
| | |
| Date of execution | |

PAGE TWO OF TWO

**Subpoena to Siemens Automotive Corporation**

## EXHIBIT A

1.     All documents referring, concerning or relating to development work by BSRS (joint venture between Breed Corporation and Siemens AG) relating to the Honda Motor Company and/or American Honda Motor Company Occupant Protection Detection System (OPDS).

2.     All documents referring, concerning or relating to development work by BSRS and NEC Corporation and/or NEC Automotive Technologies Corporation and/or Elesys North America, Inc. (including its subsidiaries, affiliates, or designees),  relating to the Honda OPDS system.

3.     System descriptions, specifications, performance requirements, and other documents relating, referring or concerning sensors supplied to Honda Motor Company (including American Honda Motor Company, Inc. or any subsidiary or affiliated) which are used or incorporated into Honda's SRS system.

4.     System descriptions, specifications, performance requirements, and other documents relating, referring or concerning sensors supplied to Honda Motor Company (including American Honda Motor Company, Inc., or any subsidiary or affiliated) which are used or incorporated into Honda's OPDS system.

5.     All algorithm descriptions relating or concerning a Honda SRS.

6.     All algorithm description relating or concerning a Honda OPDS.

# United States District Court
# Eastern District of Michigan
## *Subpoena in a Civil Case and Return of Service Form*

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC., a Delaware Corporation | v | AMERICAN HONDA MOTOR COMPANY, ELESYS NORTH AMERICA, INC. and GENERAL MOTORS CORPORATION |

TO:   Automotive Systems Laboratory, Inc.
      27200 Haggerty Road, Ste. B-12
      Farmington Hills, MI 48331

| | |
|---|---|
| CASE NO. | 06-00187 (District of Delaware) |
| JUDGE | Gregory M. Sleet |

- ☐ SUBPOENA FOR ATTENDANCE AT TRIAL
- ☐ SUBPOENA FOR ATTENDANCE AT A DEPOSITION
- ☒ DOCUMENT PRODUCTION REQUEST ONLY
- ☐ PROPERTY INSPECTION REQUEST ONLY

| **COMMAND TO APPEAR** | YOU ARE HERBY COMMANDED to appear at the place, date and time specified below to give testimony in the above case, and, if so indicated, to bring certain documents you. |
|---|---|

Place:

Date:

Time:

☐   APPEARANCE WITH DOCUMENTS (SEE DESCRIPTION BELOW)

☐   APPEARANCE WITHOUT DOCUMENTS

| **COMMAND FOR DOCUMENTS** | YOU ARE HERBY COMMANDED to have the following documents, objects or things delivered to the place listed below, or allow the inspection of the below-listed property at the date and time specified. |
|---|---|

Place:

SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER, SUITE 900
SOUTHFIELD, MI 48075
(248) 355-0300

Date:  FRIDAY, OCTOBER 6, 2006

Time:  10:00 a.m.

Description of documents/items to be produced or property to be inspected:  See Exhibit A attached.

| This subpoena is issued by (name, address and telephone Number of attorney:) | Date of execution | Signature of issuing attorney/court officer |
|---|---|---|
| ANDREW KOCHANOWSKI (P55117) SOMMERS SCHWARTZ, P.C. 2000 TOWN CENTER, SUITE 900 SOUTHFIELD, MI 48075 (248) 355-0300 | SEPTEMBER 15, 2006 <br><br> On behalf of the <br> ☒ Plaintiff   ☐ Defendant | *[signature]* |

*INT-0129-MIE-4/92 REV. 4/94*                                    PAGE ONE OF TWO

**Federal Rules of Civil Procedure**
Rule 45

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects or person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request or any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## RETURN OF SERVICE

| Served on: | Place: |
|---|---|
|  |  |
|  |  |
|  |  |

| Date of Service | Amount of fees tendered | Printed name of server |
|---|---|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service is true and correct.

| Signature of server | Address of server |
|---|---|
| Date of execution |  |

PAGE TWO OF TWO

**Subpoena to Automotive Systems Laboratory, Inc.**

## EXHIBIT A

1.      (1) All documents referring, relating or concerning strain gage weight sensors supplied to Honda Motor Company, Ltd. and/or American Honda Motor Company, Inc., (including any subsidiary affiliate or Tier I or II integrator directed by Honda), (2) BSRS, Inc., (3) NEC, Inc. and/or (4) Elesys North America, Inc., between 1999 and the present.

2.      All purchase orders reflecting sales of strain gage weight sensors to Honda Motor Company, Ltd. and/or American Honda Motor Company, Inc. and (2) BSRS, Inc., (3) NEC, Inc. and/or Elesys North America, Inc. (including any subsidiary affiliate or Tier I or II integrator directed by Honda).

3.      Schematic diagrams, system descriptions, and other documents relating, referring or concerning the controller(s) supplied to Honda Motor Company, Ltd. and/or American Honda Motor Company, Inc. (including any subsidiary affiliate or Tier I or II integrator directed by Honda), in connection with the supply of strain gage weight sensors to these companies from 1999 to the present.

4.      All documents referring, relating or concerning integration of a strain gage weight sensor and/or strain gage weight sensor controller with a Honda SRS or OPDS (Occupant Protection Detection System) system between 1997 and the present.

5.      All systems requirements relating or concerning a strain gage weight sensors and/or strain gage weight sensor controller with a Honda SRS or OPDS system between 1997 and the present.

6.      All algorithm requirements relating or concerning a strain gage weight sensors and/or strain gage weight sensor controller with a Honda SRS or OPDS system between 1997 and the present.

7.      All algorithm descriptions relating or concerning a Honda SRS.

8.      All algorithm description relating or concerning a Honda OPDS.