# Morris James LLP

Mary B. Matterer
302.888.6960
mmatterer@morrisjames.com

December 12, 2006

*VIA E-FILING AND HAND DELIVERY*

The Honorable Gregory M. Sleet
United States District Court, District of Delaware
844 King Street
Wilmington, Delaware 19801

Re: *Automotive Technologies International, Inc. v. American Honda Motor Co., Inc., Elesys North America, Inc. and General Motors Corporation*, D.Del., C.A. No. 06-187 GMS

Your Honor:

    This letter briefly addresses the case raised by counsel for Honda/GM/Elesys in the telephone conference of Friday (*Alloc, Inc. v. Unilin Décor N.V.*, C.A. Nos. 03-253-GMS, 05-587-GMS, 2006 WL 3050815 (D. Del. Oct. 26, 2006)), as well as the December 11, 2006 letter filed by Defendants' counsel. In *Alloc*, the patents before this Court were the same patents already in litigation in Wisconsin. As ATI has set forth in its Responsive Brief (D.I. #22, June 21, 2006) at page 22, not a single one of the patents in this lawsuit (or in the related case with Hyundai *et al.*), is asserted in any action in Detroit, or elsewhere. The Detroit cases involve patents that are off of branches of various continuations and continuations in part. Nothing in the Detroit lawsuits yields any potential savings in judicial economy, given the attenuated connection, at best, between those patents and the patents here in suit. There is simply no related litigation here, in contrast to *Alloc*.

    Defendants' position is in essence that since ATI chose to sue in Detroit on other patents in the past -- for reasons that made sense then in terms of the particular defendants and ATI's previous presence in Detroit (Responsive Br., p. 22) -- ATI is forever bound to sue in Detroit. Facts and circumstances change. ATI no longer has any presence in Detroit, and as set forth in the Responsive Brief, Delaware is a more convenient forum for ATI, and not an inconvenient forum for these globally-based Defendants. Unlike *Alloc*, which had its business located in the transferee jurisdiction, ATI does not have a principal place of business in Detroit.

    The subpoenas for documents served by ATI attached to Defendants' letter are makeweight, if any weight at all. One of ATI's counsel is located in Detroit, making it a simple task to serve a subpoena on a facility that may be located in town. Those subpoenas could have readily been served on some other facility in another state, in which event Defendants would have had nothing to try and bootstrap into some further connection with Detroit.

Morris James LLP

The Honorable Gregory M. Sleet
December 12, 2006
Page 2

      The subpoena served on counsel for the joint defendants (Exh. A to the letter) in another suit bears particular note. It was served in response to document requests made by the Honda Defendants in the present suit. Those documents are subject to a Protective Order in the other case, and the joint defendants have been unresponsive concerning ATI's ability to produce those documents; so ATI served a subpoena with the very documents (in ATI's possession) to be produced. The Honda Defendants now try to make their own document requests and ATI's efforts to produce documents in its own possession, as a basis for a nexus with Detroit.

      Lastly, Defendants' letter says that would-be intervenor TS Tech and third-party Defendant Takata have advised counsel for Honda that they are in favor of transfer. That has yet to be made of record, nor why these companies would somehow find Detroit "more convenient." As ATI pointed out in its opposition papers, Defendants are very short on hard facts to support their burden to have this action transferred from this chosen, and better suited, forum.

Respectfully,

Mary B. Matterer

cc:    Thomas C. Grimm, Esq. (via email)
        Ralph J. Gabric, Esq. (via email)