IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUTOMOTIVE TECHNOLOGIES INT'L, INC., )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>AMERICAN HONDA MOTOR CO., INC., ET AL )<br>)<br>Defendants.  )<br>) | Civil Action No. 06-187 GMS |

## **MEMORANDUM**

**I.   INTRODUCTION**

On March 17, 2006, the plaintiff, Automotive Technologies International, Inc. ("ATI") filed the above-captioned action against American Honda Motor Company ("Honda"), Elesys North America Inc. ("Elesys"), and General Motors Corporation ("GM"), (collectively the "Defendants"), alleging infringement of United States Patent Nos. 5,901,978; 6,242,701; 6,325,414; 6,397,136; 6,422,595; 6,869,100; 6,757,602; 6,712,387; 6,942,248; 6,950,022; and 6,958,451, which are generally related to technology in automobile seats. On May 3, 2006, ATI filed a First Amended Complaint, adding two additional patents, U.S. Patent Nos. 6,484,080 and 6,850,824, and withdrawing one of the previously asserted patents, U.S. Patent No. 6,950,022.

On June 16, 2006, ATI filed a separate action, C.A. No. 06-391, against Hyundai Motor America ("Hyundai"), BMW of North America LLC ("BMWNA"), and Kia Motors America Inc. ("Kia"). Ten of the 12 asserted patents in the above-captioned action are asserted in ATI's suit against Defendants Hyundai, BMWNA and Kia. Presently before the court are motions to transfer this action, and the related action, to the Eastern District of Michigan, pursuant to 28 U.S.C. § 1404(a). For the following reasons, the court will deny the motion.

## II. DISCUSSION

Pursuant to Section 1404(a), the court may transfer a civil action "for the convenience of parties and witnesses, in the interest of justice, . . . to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). It is the movant's burden to establish the need to transfer, and "the plaintiff's choice of venue [will] not be lightly disturbed." *Truth Hardware corp. v. Ashland Prods., Inc.*, No. C.A. 02-1541 GMS, 2003 WL 118005, at *1 (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)). In other words, "unless the balance of convenience strongly favors a transfer in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

When considering a motion to transfer, the court must determine "whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." *Jumara,* 55 F3d. at 879. This inquiry requires "a multi-factor balancing test," embracing not only the statutory criteria of convenience of the parties and the witnesses and the interest of justice, but all relevant factors, including certain private and public interests. *Id.* at 875. These private interests include the plaintiff's choice of forum; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties; the convenience of the expected witnesses; and the location of books and records, to the extent that they could not be produced in the alternative forum.[1] *Id* at 879. Among the relevant public interests are: "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the

---

[1] The first three of these private interest factors collapse into other portions of the *Jumara* analysis. Thus, the court will consider them in the context of the entire inquiry only. *See Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192 (D. Del. 1998).

relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; [and] the public policies of the fora." *Id.* at 879-80.

As an initial matter, the court notes that it will afford less deference to ATI's choice of Delaware as a forum because it is not its "home turf," or principal place of business. *See Waste Distillation Tech., Inc. v. Pan Am. Res., Inc*., 775 F. Supp. 759, 764 (D. Del. 1991). Nonetheless, the court should not disregard a plaintiff's choice of forum where it has a rational and legitimate reason for choosing the forum. *See Joint Stock Soc'y v. Heublein, Inc.*, 936 F. Supp. 177, 187 (D. Del. 1996). With these principles in mind, after consideration of the relevant factors, the court finds that the Defendants have not met their burden of demonstrating that transfer is appropriate.

In the present case, ATI submits the following rationale for suing the Defendants in Delaware: "ATI, and at least one of the Defendants are incorporated in Delaware, all parties are subject to personal jurisdiction in this forum, this forum's docket is noticeably faster to resolution of complex cases than the proposed transferee court and many others, and there was no other forum in which witnesses had a markedly more convenient location than this one." (D.I. 22 at 2.) The court finds that ATI's explanation is a rational and legitimate reason for choosing to sue the Defendants in Delaware. *See Stratos Lightwave, Inc. v. E20 Communications, Inc*., No. C. A. 01-309-JJF, 2002 WL 500920, at * 2 (D. Del. Mar. 26, 2002). Further, having received the benefits of Delaware incorporation, a Defendant cannot now complain that another corporation has chosen to sue it here. *See id.*

The court also finds that the location of books and records weighs against granting the Defendants' motion to transfer. The Defendants contend that their books and records necessary for litigation are in Michigan. A court should consider the location of books and records in its analysis.

It must only do so, however, to the extent that the files could not be produced in the alternative forum. *Jumara*, 55 F.3d at 879. Here, the Defendants do not suggest that their documents could not be produced in Delaware, especially in this day and age where large-scale "document" productions are reduced to digitized records that parties transfer via electronic media. Accordingly, this factor does not weigh in favor of granting a transfer.

The Defendants also contend that non-party witness convenience weighs in favor of a transfer. The briefs set forth in detail the parties' positions with regard to this factor. Essentially, the Defendants contend that travel to Delaware is less convenient than travel to Michigan for its third-party witnesses. (D.I. 18 at 6-7.) The court is not persuaded by the Defendants' arguments. Further, as this court has previously held, a flight to Delaware is not an onerous task warranting transfer. *Truth Hardware Corp. v. Ashland Prods., Inc.*, No. C.A. 02-1541 GMS, 2003 WL 118005, at * 2 (D. Del. Jan 13, 2003). The court concludes that the convenience of the witnesses does not favor transfer in this case.

Additionally, the court finds that the public interest factors do not weigh strongly in favor of transfer to Michigan. First, the court is not persuaded that any disparity in court congestion will be so great as to weigh strongly in favor of a transfer.[2] Second, it is well settled that patent rights are not considered state or local matters and do not implicate local interests. *Jones Pharma, Inc. v. KV Pharm. Co.*, No. Civ. A. 03-786 JJF, 2004 WL 323109, at * 3 (D. Del. Feb. 17, 2004). The court, therefore, finds no strong local interest in litigating in the transferee forum. Third, ATI's pending litigation in Michigan involves different patents. Thus, the court believes that this is not

---

[2]Even accepting Defendants' position on the percentage of cases over three years old pending in the Eastern District of Michigan, this district's percentage appears to be lower. *Compare* (D.I. 22 at 24) *with* (D.I. 23 at 3, fn. 2).

a relevant consideration in favor of transfer. *See Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 77 F. Supp. 2d 505, 513 (D. Del. 1999) (refusing to give "any weight whatsoever" to a mirror image action filed by the defendant).

Finally, the court notes that the circumstances driving the court's decision to transfer in *Alloc, Inc. v. Unilin Decor N.V.*[3] are distinguishable from those in the present case. As ATI remarked in its letter of December 12, 2006 (D.I. 52), the patents before this court in *Alloc* involved the same patents at issue in the transferee forum. Here, the court is not aware of a single patent in this lawsuit that is asserted in any action in the Eastern District of Michigan. The court agrees with ATI that nothing in the Detroit lawsuits yields any potential savings in judicial economy, given the attenuated connection between those patents and the patents here in suit. Accordingly, the court concludes that public interest factors do not favor transfer in the instant case.

Dated: December 21, 2006                                   /s/ Gregory M. Sleet
                                                            UNITED STATES DISTRICT JUDGE

---

[3]*Alloc, Inc. v. Unilin Decor N.V.,* C.A. Nos. 03-253-GMS, 05-587-GMS, 2006 WL 3050815 (D. Del. Oct. 26, 2006).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUTOMOTIVE TECHNOLOGIES INT'L, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN HONDA MOTOR CO., INC., ET AL )<br>)<br>Defendants. )<br>) | Civil Action No. 06-187 GMS |

## **ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

The defendants' Motion to Transfer the above-captioned matter to the United States District Court for the Eastern District of Michigan (D.I. 17) is DENIED.

Dated: December 21, 2006         /s/ Gregory M. Sleet
                                 UNITED STATES DISTRICT JUDGE