IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUTOMOTIVE TECHNOLOGIES ) <br> INTERNATIONAL, INC., ) <br> ) <br> Plaintiff, ) <br> ) C.A. No. 06-187-GMS <br> v. ) <br> ) <br> AMERICAN HONDA MOTOR COMPANY, et al., ) <br> ) <br> Defendants. ) | |

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that the subpoena attached hereto as Exhibit 1 is being served upon Wilbur E. Duvall, 42 Oak Creek Circle, Reeds Spring, MO 65737-8479.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Benjamin J. Schladweiler*

_____
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
tgrimm@mnat.com
bschladweiler@mnat.com
(302) 658-9200
  *Attorneys for Defendants*

OF COUNSEL:

Timothy Q. Delaney
Ralph J. Gabric
Miyoung Shin
Rickard DeMille
BRINKS HOFER GILSON & LIONE
NBC Tower - Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611
(312) 321-4200

January 22, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

> Richard K. Herrmann, Esquire
> MORRIS, JAMES, HITCHENS & WILLIAMS LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on January 22, 2007 upon the following individuals in the manner indicated:

**BY E-MAIL**

> Richard K. Herrmann, Esquire
> MORRIS, JAMES, HITCHENS & WILLIAMS LLP
> 222 Delaware Avenue, 10th Floor
> Wilmington, DE  19801
>
> Andrew Kochanowski, Esquire
> SOMMERS SCHWARTZ, P.C.
> 2000 Town Center, Suite 900
> Southfield, MI  48075
>
> Michael H. Baniak, Esquire
> McDONNELL BOEHNEN HULBERT & BERGHOFF
> 300 South Wacker Drive
> Chicago, IL  60606

*/s/ Benjamin J. Schladweiler*

Benjamin J. Schladweiler (#4601)
bschladweiler@mnat.com

690393

# EXHIBIT 1

# United States District Court
### Western District of Missouri

| | |
|---|---|
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC.<br>v.<br>AMERICAN HONDA MOTOR CO. INC.,<br>ELESYS NORTH AMERICA, INC.,<br>and GENERAL MOTORS CORPORATION | **SUBPOENA IN A CIVIL CASE**<br><br>CASE NUMBER:[1] 06-CV-00187-GMS (District of Delaware) |

**TO:** Wibur E. Duvall
42 Oak Creek Circle
Reeds Spring, MO 65737-8479

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 1901 E. Bennett Street, #J, Springfield, MO 65804, or at a mutually agreed upon time and place | 9:00 am - February 23, 2007 |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### See Exhibit A attached

| PLACE | DATE AND TIME |
|---|---|
| 1901 E. Bennett Street, #J, Springfield, MO 65804, or at a mutually agreed upon time and place | 9:00 am – February 1, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]* Attorney for Defendants | DATE<br>January 18, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Rickard K. DeMille    Brinks, Hofer, Gilson & Lione
(312) 321-4200        NBC Tower – Suite 3600  455 N. Cityfront Plaza Drive  Chicago, IL 60611-5599

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

**DOCUMENT REQUESTS, DEFINITIONS, AND INSTRUCTIONS**

**DEFINITIONS**

1. The Definitions, Rules, and Instructions set forth in the Federal Rules of Civil Procedure, including but not limited to Rule 45, are incorporated herein by reference.

2. The terms "you" or "your" shall mean and refer to Wilbur E. DuVall, as well as any attorney or agent acting on behalf of Wilbur E. DuVall.

3. The term "ATI" refers to Automotive Technologies International, Inc., as well as any parents, subsidiaries, divisions, affiliates, successors, and assigns and all of its current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys, and representatives.

4. The term "Patents In Suit" refers to one or more of U.S. Patent Nos. 5,901,978 ("the '978 patent"), 6,242,701 ("the '701 patent"), 6,325,414 ("the '414 patent"), 6,397,136 ("the '136 patent"), 6,422,595 ("the '595 patent"), 6,869,100 ("the '100 patent"), 6,757,602 ("the '602 patent"), 6,712,387 ("the '387 patent"), 6,942,248 ("the '248 patent"), 6,958,451 ("the '451 patent"), 6,484,080 ("the '080 patent"), 6,850,824 ("the '824 patent"), and 6,950,022 ("the '022 patent").

5. The term "named inventor of the Patents In Suit" refers to David S. Breed, Wilbur E. DuVall, Wendell C. Johnson, Jeffrey L. Morin, Kunhong Xu, Andrew J. Varga, Michael E. Kussul, and/or Tie-qi Chen.

6. The term "Honda" refers to American Honda Motor Co., Inc. as well as any parents, subsidiaries, divisions, affiliates, successors, and assigns and all of its current and

former officers, directors, owners, shareholders, employees, contractors, agents, attorneys, and representatives.

7. The term "Elesys" refer to Elesys North America, Inc. as well as any parents, subsidiaries, divisions, affiliates, successors, and assigns and all of its current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys, and representatives.

8. The term "GM" refers to General Motors Corporation as well as any parents, subsidiaries, divisions, affiliates, successors, and assigns and all of its current and former officers, directors, owners, shareholders, employees, contractors, agents, attorneys, and representatives.

9. The terms "Document" and "Documents and Things" shall be construed broadly to include all drafts, originals, and copies (if the originals are not available), non-identical copies (whether different from the originals because of underlining, highlighting, editing marks, notes made or attached to such copies, "meta data," or otherwise) of the documents and tangible things defined in Federal Rules of Civil Procedure 26 and 34, and Federal Rules of Evidence 1001(1), and includes every means of recording any form of communication or presentation, including any writing, drawing, graph, chart, photograph, tape, phone record, magnetic disk, computer disk, computer "hard" disk drive, computer simulation, or other data compilation from which information can be obtained, translated, if necessary through devices, into reasonably usable form, and including but not limited to correspondence, telegrams, cables, telex messages, emails (which shall include the following information and shall not be modified in the collection or production process : sender, recipient, blind and carbon copies, date sent, e-mail box from whom the document is produced, and the date and time it was opened, deleted, responded to or forwarded), all attachments to or documents embedded in such e-mails,

telecopies, memoranda, notes, drafts, notations, work papers, transcripts, minutes, reports, recordings of telephone or other conversations or of interviews, conferences or other meetings, affidavits, statements, journals, statistical records, desk calendars, agendas, appointment books, diaries, lists, tabulations, summaries, computer printouts, or any other items of a similar nature, including all originals, drafts and non-identical copies. Any document bearing marks, including, without limitation, initials, stamped initials, other stamps, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document to be identified and produced.

10. The term "relating to" means analyzing, assessing, comprising, containing, constituting, describing, discussing, establishing, evidencing, identifying, including, referring, regarding, reflecting, recording, stating, or having any connection with.

11. "Patent application" means all parent, continuation, continuation in part, divisional and/or other applications, including applications from which an issued patent claims priority, regardless of whether the patent application issued as a patent or is currently pending, and regardless of whether the patent application was filed in the United States Patent and Trademark Office or a foreign patent application.

12. "Related Patents" shall mean, any United States Patent, United States patent application, continuations, continuations in part, divisionals, reissues and/or reexaminations, or foreign patents or patent applications to which any of the Patents In Suit claim priority, or that claim priority from any of the Patents In Suit.

13. The term "prior art" shall mean all things, patents, publications, disclosures, sales, or other acts, or occurrences included within the broadest meaning of 35 U.S.C. § 102 (or any subpart thereof).

14. "Including but not limited to" and like phrases include all manner of documents and things, the phrases thereby stating examples of the same, and not narrowing the generality of the request made to those examples listed or those examples listed plus items of the same kind as the examples.

15. "Person" refers to and includes any individual, corporation, partnership, association or other legal entity.

16. In construing these Requests, the plural shall include the singular, the singular includes the plural, and a masculine, feminine, or neuter term shall include all other genders. The words "and" and "or" mean "and/or" and are to be read both ways so as to encompass both constructions and call for answers to be provided to both constructions. The word "each" includes the word "every," and the word "every" includes the word "each." The word "any" shall be understood to include and encompass "all," and "all" should be interpreted to include and encompass "any."

## **INSTRUCTIONS**

1. If any portion of any document is responsive to any document request, the entire document shall be produced.

2. The documents produced in response to these requests shall be organized and designated to correspond to the categories in the requests.

3. Where an objection is made to any request or part thereof, the objection shall state with specificity all grounds for the objection.

4. No part of a discovery request may be left unanswered merely because an objection is interposed to another part of the discovery request.

5. If any claim of privilege is asserted, in whole or in part, with respect to any document, or you refuse to disclose any document requested herein, in whole or in part, on any other ground, identify each such document as follows:

    a. date of document;

    b. description of document (i.e., letter, memorandum, etc.);

    c. author of document;

    d. signer of document (including entity with which such signer is affiliated);

    e. recipient or addressee of document (including entity with which such recipient or addressee is affiliated);

    f. the name, address and affiliation of each person to whom a copy of the document was sent or shown or explained, including "blind" copies;

    g. subject matter of document;

    h. number of pages;

    i. attachments or appendices or enclosures;

    j. nature of privilege claimed; and

    k. present physical location of document.

In the event that you decline to comply with any or all of the above identification instructions on the grounds that compliance would divulge privileged information, you shall so state and set forth an explanation accordingly.

6. With respect to any document which has been destroyed, identify each document and state the date of destruction, manner of destruction, reason for destruction, person authorizing destruction and person destroying same.

7. With respect to any document which was but is no longer in your possession, custody or control, identify each document in the manner detailed in paragraph 4 of these Instructions.

**DOCUMEN'T'S REQUESTED**

1. All documents constituting or relating to any communications with ATI, David S. Breed, or any other named inventor of the Patents In Suit.

2. All documents constituting or relating to any communications on behalf of ATI, David S. Breed, or any other named inventor of the Patents In Suit.

3. All documents constituting or relating to the Patents In Suit, or any Related Patent.

4. All documents constituting or relating to any financial interest held by you or others in ATI, the Patents In Suit, and/or proceeds from the enforcement of the Patents In Suit, including but not limited to the portion of that financial interest and the time period the interest has been held.

5. All documents constituting or relating to any offer of any financial interest to you or others in ATI, the Patents In Suit, and/or proceeds from the enforcement of the Patents In Suit, including but not limited to the date of that offer.

6. All documents constituting or relating to the prosecution history or file wrapper of the Patents In Suit, or any Related Patent.

7. All documents constituting prior art to the Patents In Suit.

8. All document constituting or relating to any decision to disclose or not to disclose any information, document, prior art or potential prior art to the Patent Office in connection with the prosecution of the Patents In Suit.

9. All documents constituting or relating to applications, drafts of applications, claims, drafts of claims, declarations, drafts of declarations, correspondence, or drafts of correspondence referring to the Patents In Suit, or any Related Patent.

10. All documents constituting or relating to any search, investigation, testing,

analysis, assessment or opinion with respect to the validity, infringement or enforceability of the Patents In Suit, or any Related Patent.

11. All documents constituting or relating to any request for an opinion or prior art search with respect to the Patents In Suit, or any Related Patent.

12. All documents constituting or relating to any prior art search or search results generated by a foreign patent office in connection with or with respect to the Patents In Suit, or any Related Patent.

13. All documents constituting or relating to the inventions described and/or claimed in the Patents In Suit, or any Related Patent, including but not limited to any publications or disclosures to third-parties.

14. All documents constituting or relating to any prior art, prior knowledge, prior use and/or prior sale of the subject matter described and/or claimed in the Patents In Suit, or any Related Patent.

15. All documents constituting or relating to the conception or reduction to practice, and dates thereof, of the alleged invention(s) described and/or claimed in the Patents In Suit, or any Related Patent.

16. All documents constituting or relating to the public use, public knowledge or public disclosure of any occupant sensing and/or classification systems covered by the Patents In Suit, or any Related Patent.

17. All documents constituting or relating to applications, drafts of applications, claims, drafts of claims, declarations, drafts of declarations, correspondence, drafts of correspondence, prior art, whether or not cited to the United States Patent and Trademark Office, that describe, disclose, or claim the design, structure, or operation for any occupant sensing and/or classification systems that were drafted, reviewed, received or known by you or any other named inventor of the Patents In Suit.

18. All documents constituting or relating to infringement investigations, assertions of infringement, or litigation relating to the Patents In Suit, or any Related

Patent.

19. Documents sufficient to identify each person who was involved in the prosecution of the Patents In Suit, or any Related Patent.

20. All documents constituting or relating to any search, investigation, testing, analysis or assessment with respect to the validity, infringement or enforceability of the Patents In Suit, or any Related Patent.

21. All documents from your files relating to the prosecution of the Patents In Suit, or any counterpart or priority application to the Patents In Suit, or any Related Patent, including but not limited to prior art, transmittal letters, correspondence and notes.

22. All documents referring or relating to any occupant sensing and/or classification systems sold, licensed, or invented by ATI.

23. All documents referring to Elesys, including but not limited to the any occupant sensing and/or classification systems available from Elesys.

24. All documents referring to GM, including but not limited to the any occupant sensing and/or classification systems, or automobiles that may include any occupant sensing and/or classification systems, available from GM.

25. All documents referring to Honda, including but not limited to the any occupant sensing and/or classification systems, or automobiles that may include any occupant sensing and/or classification systems, available from Honda.

26. Copies of the transcript (including errata sheets) and associated exhibits of any deposition given by you in connection with the enforcement of any patent owned by ATI, including but not limited to any deposition given in any of the following named lawsuits brought by ATI:

- *Automotive Technologies International, Inc. v. Delphi Automotive Systems Corp. et al.*, case number 04-cv-72035, filed in the Eastern District of Michigan;
- A*utomotive Technologies International, Inc. v. Delphi Corp.*, case number 03-cv-71368, filed in the Eastern District of Michigan;

8

- *Automotive Technologies International, Inc. v. TRW Vehicle Safety et al.*, case number 02-cv-73572, filed in the Eastern District of Michigan;
- *Automotive Technologies International, Inc. v. BMW N. America, Inc. et al.*, case number 01-cv-71700, filed in the Eastern District of Michigan;
- *Automotive Technologies International, Inc. v. Nissan N. America, Inc.*, case number 99-cv-75651, filed in the Eastern District of Michigan;
- *Automotive Technologies International, Inc. v. Hyundai Motor America et al.*, case number 06-cv-00391-GMS, filed in the District of Delaware; and
- *Automotive Technologies International, Inc. v. Siemens et al.*, case number 06-cv-15756, filed in the Eastern District of Michigan.