IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 06-187-GMS |
| AMERICAN HONDA MOTOR CO., INC., et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**OPENING BRIEF IN SUPPORT OF DEFENDANTS' JOINT MOTION TO STAY
<u>PENDING REEXAMINATION OF THE PATENTS IN SUIT</u>**

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | Thomas C. Grimm (#1098) |
|  | Benjamin J. Schladweiler (#4601) |
|  | 1201 N. Market Street |
|  | P.O. Box 1347 |
| OF COUNSEL: | Wilmington, DE  19899-1347 |
|  | tgrimm@mnat.com |
| Timothy Q. Delaney | bschladweiler@mnat.com |
| Ralph J. Gabric | (302) 658-9200 |
| Miyoung Shin | *Attorneys for Defendants* |
| Rickard DeMille |  |
| BRINKS HOFER GILSON & LIONE |  |
| NBC Tower - Suite 3600 |  |
| 455 North Cityfront Plaza Drive |  |
| Chicago, IL  60611 |  |
| (312) 321-4200 |  |

January 23, 2007

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................**Error! Bookmark not defined.**

INTRODUCTION ........................................................................................................ 1

NATURE AND STAGE OF THE PROCEEDINGS .......................................................... 1

SUMMARY OF ARGUMENT ....................................................................................... 3

STATEMENT OF FACTS .............................................................................................. 4

ARGUMENT ................................................................................................................ 7

    I.    ALL RELEVANT FACTORS WEIGH IN FAVOR OF A STAY OF THIS ACTION. ................................................................................... 7

    II.    A STAY WILL SIMPLIFY THE ISSUES IN QUESTION AND TRIAL OF THE CASE. ................................................................................. 7

    III.    STAYS ARE ROUTINELY GRANTED AT EARLY STAGES IN THE PROCEEDINGS. ................................................................................. 9

    IV.    A STAY WOULD NOT UNDULY PREJUDICE OR PRESENT A CLEAR TACTICAL DISADVANTAGE TO ATI. ............................... 10

    V.    REEXAMINATION PROVIDES AN INEXPENSIVE AND EXPEDIENT CHECK ON PATENT VALIDITY AND A STAY IS THE ONLY WAY TO AVOID INCONSISTENT RULINGS. ....................... 12

CONCLUSION ........................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Abbott Diabetes Care, Inc. v. DexCom, Inc.*,
  C.A. No. 05-590-GMS, 2006 WL 2375035 (D. Del. Aug. 16, 2006) ...................................11

*Alloc, Inc. v. Unilin Décor N.V.*,
  C.A. No. 03-253-GMS, 2003 U.S. Dist. LEXIS 11917 (D. Del. July 11, 2003).......................8

*American Hoist & Derrick Co. v. Sowa & Sons, Inc.*,
  725 F.2d 1350 (Fed. Cir. 1984)...........................................................................................13

*ASCII Corp. v. STD Entertainment USA, Inc.*,
  844 F. Supp. 1378 (N.D. Cal. 1994).....................................................................................9

*Bausch & Lomb, Inc. v. Alcon Lab., Inc.*,
  914 F. Supp. 951 (W.D.N.Y. 1996)...................................................................................9, 11

*Digital Magnetic Sys., Inc. v. Ansley*,
  213 U.S.P.Q. 290 (W.D. Okla. 1982) ..................................................................................12

*Emhart Indus. v. Sankyo Seiki Mfg.*,
  3 U.S.P.Q.2d 1889 (N.D. Ill. 1987) ...................................................................................7, 10

*Ethicon, Inc. v. Quigg*,
  849 F.2d 1422 (Fed. Cir. 1988)......................................................................................7-8, 12

*Gioello Enterprises Ltd., v. Mattel, Inc.*,
  C.A. No. 99-375-GMS, 2001 WL 125340 (D. Del. Jan. 29, 2001) ............................... 8, 11-12

*Gould v. Control Laser Corp.*,
  705 F.2d 1340 (Fed. Cir. 1983).......................................................................................7, 10

*Laitram Corp. v. NEC Corp.*,
  952 F.2d 1357 (Fed. Cir. 1992)............................................................................................9

*Paice LLC v. Toyota Motor Corp.*,
  No. 2:04-CV-211, 2006 WL 2385139 (E.D. Tex. Aug. 16, 2006).........................................11

*Pegasus Dev. Corp. v. DirectTV, Inc.*,
  C.A. No. 00-1020-GMS, 2003 WL 21105073 (D. Del. May 14, 2003)......................... Passim

*United Sweetener USA, Inc. v. Nutrasweet Co.*,
  766 F. Supp. 212 (D. Del. 1991).........................................................................................7

*Tap Pharma Prods, Inc. v. Atrix Labs, Inc.*,
 70 U.S.P.Q.2d 1319 (N.D. Ill. 2004) ....................................................................................9

*Were v. Battenfeld Techs., Inc.*,
 No. 03-1471-AA, 2004 U.S. Dist. LEXIS 23250 (D. Or. Nov. 9, 2004) ................................9

*Xerox Corp. v. 3 Comm Corp.*,
 69 F. Supp. 2d 404 (W.D.N.Y. 1999) ...................................................................................7

**Statutes**

35 U.S.C. § 307(b) ..................................................................................................................9

35 U.S.C. § 316(b) ..................................................................................................................9

**Rules**

Fed. R. Civ. P. 24(b) ..........................................................................................................3, 10

# INTRODUCTION

On January 4, 2007, the U.S. Patent and Trademark Office ("PTO") granted requests for reexaminations for three patents in suit. In each instance, the PTO determined that substantial new questions of patentability exist. Requests for reexamination for two additional patents in suit are currently pending and are expected to be granted. The PTO will render its decision by the end of next month. In light of the reexaminations granted and expected to be granted, Defendants move for an order staying this action pending their outcome.

# NATURE AND STAGE OF THE PROCEEDINGS

On March 17, 2006, Automotive Technologies International, Inc. ("ATI") filed this action against Elesys North America, Inc. ("Elesys"), General Motors Corporation, Inc. ("GM"), and American Honda Motor Co., Inc. ("Honda") for alleged infringement of eleven patents. On May 3, 2006, ATI filed a First Amended Complaint, adding two additional patents and withdrawing one of the previously asserted patents. On June 12, 2006, the Defendants each answered and raised counterclaims. Elesys and Honda added counterclaims on invalidity and non-infringement for the withdrawn ATI patent. Therefore, currently there are thirteen patents at issue in this case. All the patents in suit relate to systems and methods for controlling the deployment of air bags in automobiles.

On June 16, 2006, ATI filed another patent infringement action against Hyundai Motor America, BMW of North America, and Kia Motors America, Inc. ("the Hyundai case") (Civil Action No. 06-391-GMS) for alleged infringement of eleven patents, ten patents of which are also asserted in this action. During a telephone conference on December 8, 2006, the Court consolidated the *Markman* claim construction hearing in

this case and the Hyundai case. On December 20, 2006, an Amended Scheduling Order was entered setting the *Markman* claim construction hearing on May 3, 2007 and opening and answering claim construction briefs to be filed on March 6, 2007 and April 6, 2007, respectively. Fact discovery is now scheduled to close on April 27, 2007.

At present, fact discovery is ongoing. No depositions have been taken.

On November 27, 2006, Defendants filed requests for *ex parte* reexamination with the PTO for five patents in suit, U.S. Patent Nos. 6,712,387 ("the '387 patent"), 6,484,080 ("the '080 patent"), 6,325,414 ("the '414 patent"), 6,757,602 ("the '602 patent") and 6,942,248 ("the '248 patent"). On January 4, 2007, the PTO granted three reexamination requests as to the '387, the '080 and the '248 patents (Tabs A-C). Two reexamination requests as to the '414 and the '602 patents are currently pending.

With respect to the '387 patent, the PTO ordered all of the issued claims (claims 1-38) to be reexamined on the grounds of double patenting (26 claims) in view of the '414 patent and obviousness (all 38 claims). With respect to the '080 patent, the PTO ordered forty four (44) claims (out of the total 62 issued claims) to be reexamined on the grounds of anticipation and obviousness. With respect to the '248 patent, the PTO ordered eighteen (18) claims (out of the total 47 issued claims) to be reexamined on the grounds of anticipation and obviousness. With respect to each patent, all of the claims asserted by ATI against the Defendants were among those ordered to be reexamined. After a detailed and thorough analysis, the PTO found that disclosures of new prior art

and the "old art"[1] raised numerous and substantial new questions of patentability as to the '387, the '080 and the '248 patents.

## SUMMARY OF ARGUMENT

A stay pending the outcome of the reexamination of *five patents in suit* will simplify the issues in question and the trial of the case. This case is quite complex: there are five defendants[2], numerous accused products, thirteen patents in suit comprising a total of 175 asserted claims, and 94 priority claims to 46 earlier-filed applications. The Court, as well as the parties, would benefit from a narrowing of the issues.

Reexamination will likely narrow the issues considerably. The asserted claims in the five ATI patents will likely be canceled or narrowed by the PTO. If the PTO cancels any of the asserted claims of the five patents in suit, infringement assertions based on such claims will be dismissed, the Court will not need to construe them, and the parties will not need to spend funds addressing them. The outcome of the reexamination may encourage a settlement without further involvement of the Court. If any of the asserted claims are amended during the reexamination, the change in the scope will impact the claim construction process and the determination of any alleged infringing activity. Thus, if this case proceeds in parallel with the reexamination, the Court and the parties will likely waste judicial resources and assets.

---

[1] The term, "old art" is defined as the prior art which was "previously cited/considered in an earlier Office examination of the patent." *see* Manual of Patent Examining Procedure, § 2242.

[2] On October 2, 2006, Honda filed the unopposed motion to bring in a third-party defendant, Takata, Inc. On the same date, TS Tech USA Corporation moved to intervene in this action pursuant to Fed. R. Civ. P. 24(b). While Takata and TS Tech have not yet been added to this case, each agrees with the relief sought by this motion.

The parallel proceedings will also run the risk of the issuance of inconsistent rulings or an advisory opinion. All of the patents involve closely interrelated technologies surrounding the sensor safety systems for automobiles, so there are many overlapping technologies which apply to both this case and the reexamination. The Court will conserve judicial resources by permitting "an additional layer of review by the PTO." *Pegasus Dev. Corp. v. DirectTV, Inc.*, C.A. No. 00-1020-GMS, 2003 WL 21105073, at *2 (D. Del. May 14, 2003).

A stay would not unduly prejudice ATI. ATI invoked its right under the patent statute. ATI now cannot complain about the Defendants' right to seek a reexamination afforded by the same statute. *See id.* Furthermore, Defendants may suffer irreparable harm due to inconsistent rulings of the Court and the PTO. On the other hand, ATI can be adequately remedied for any delay because ATI does not engage in the manufacture or sales of goods or services related to the patents in suit[3].

Discovery is not scheduled to close until April 2007. The trial is not scheduled to begin until February 2008. A stay at this early point in the case is appropriate. The Court should grant a motion to stay of this case pending the outcome of the reexamination.

## STATEMENT OF FACTS

On November 27, 2006, Defendants filed the Request for Reexamination with regard to the '387, the '080 the '248, the '414, and the '602 Patents. On January 4, 2007,

---

[3] *See* pp. 2-3, ATI's Brief In Response to Defendants' Motion to Transfer Venue to the United States District Court for the Eastern District of Michigan filed on June 28, 2006 (D.I. 22); *see* ¶ 4, Declaration of David Breed filed on June 28, 2006 (D.I. 22, Exhibit 2), and *see* ¶¶ 2-4, Declaration of Ray Piirainen filed on June 28, 2006 (D.I. 22, Exhibit 3); *see also* p. 9, ATI's Answer to Interrogatory No. 10 of Elesys' First Set of Interrogatories (Tab D).

the PTO ordered that the '387, the '248 and the '080 Patents be reexamined as follows (*see* Tabs A-C):

### The '387 Patent

- As pointed out on pages 5-16 of the Request the cited claims appear to be duplicates or substantial duplicates in US Patent 6,325,414 to Breed (*see* Tab A, ¶ 7).

- It is agreed that consideration of US Patent 5,071,160 to White and US Patent 5,222,761 to Kaji raises a substantial new question of patentability to claims 16-19, 21, 29-31, 36, 38 (*see* Tab A, ¶ 8).

- It is agreed that consideration of US Patent 5,118,134 to Mattes and US Patent 5,222,761 to Kaji raises a substantial new question of patentability to claims 1-7, 8-15, 20, 22-28, 32-34, 35, 37 (*see* Tab A, ¶ 9).

### The '080 Patent

- It is agreed that consideration of US Patent 5,481,906 to Nagayoshi raises a substantial new question of patentability to claims 1, 12-13, 19, and 28-29 (*see* Tab B, ¶ 8).

- It is agreed that consideration of the Gentry reference [US Patent 5,573,269] raises a substantial new question of patentability with regards to claims 60 and 62 (*see* Tab B, ¶ 9).

- It is agreed that consideration of US 5,481,906 to Nagayoshi in view of Kinsley [US Patent 6,397,677] raises a substantial new question of patentability to claims 2, 4, 15, 20, 22, and 31 (*see* Tab B, ¶ 10).

- It is agreed that consideration of US Patent 5,481,906 to Nagayoshi and Kwun [US Patent 5,767,766] raises a substantial new question of patentability to claims 7-8 and 25-28 (*see* Tab B, ¶ 11).

- It is agreed that consideration of US Patent 5,481,906 to Nagayoshi and Gentry raises a substantial new question of patentability to claims 6, 9-10, 24, and 27 (*see* Tab B, ¶ 12).

- It is agreed that consideration of US Patent 5,481,906 to Nagayoshi and Marko [5,041,976] raises a substantial new question of patentability to claims 11, 33-34, 42, 44, 47-49, 56 and 59 (*see* Tab B, ¶ 13).

- It is agreed that consideration of US Patent 5,481,906 to Nagayoshi, Marko and Kinsley raises a substantial new question of patentability to claims 35-36 (*see* Tab B, ¶ 14).

- It is agreed that consideration of US Patent 5,481,906 to Nagayoshi, Marko and Kwun raise a substantial new question of patentability to claims 39-40 and 53-54 (*see* Tab B, ¶ 15).

- It is agreed that consideration of 5,481,906 to Nagayoshi, Marko and Gentry raise a substantial new question of patentability to claims 38, 41, 52, and 55 (*see* Tab B, ¶ 16).

- It is agreed that consideration of Gentry raise a substantial new question of patentability to claim 61 (*see* Tab B, ¶ 17 [sic]).

The '248 Patent

- It is agreed that consideration of US 5,482,314 to Corrado raises a substantial new question of patentability to claims 1-6 and 11-14 (*see* Tab C, ¶ 8).

- It is agreed that consideration of US 5,482,314 to Corrado and Kaji [US Patent 5,222,761] raises a substantial new question of patentability to claims 8 and 16 (*see* Tab C, ¶ 9).

- It is agreed that consideration of US 5,605,348 to Blackburn and Kaji raises a substantial new question of patentability to claims 19, 24, 32 and 37 (*see* Tab C, ¶ 10).

- It is agreed that consideration of US 5,605,348 to Blackburn and Fujita [US Patent 5,074,583] raises a substantial new question of patentability to claims 44 and 46 (*see* Tab C, ¶ 11).

In the Order Granting Request for *Ex Parte* Reexamination, the PTO provided a detailed and thorough analysis concerning substantial new questions of patentability of claims to be reexamined (*see* Tab A, ¶¶ 7-10; Tab B, ¶¶ 8-17; Tab C, ¶¶ 8-11). The Request for Reexamination as to the '414 and the '602 Patents is pending at the PTO.

## ARGUMENT

I. **ALL RELEVANT FACTORS WEIGH IN FAVOR OF A STAY OF THIS ACTION.**

Courts have "inherent power to manage their dockets and stay proceedings," including the authority to order a stay pending conclusion of a PTO reexamination. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *Pegasus Dev. Corp.*, 2003 WL 21105073, at *1. When it enacted the statute, Congress expressed its approval of district courts liberally granting stays in favor of reexamination. *See Emhart Indus. v. Sankyo Seiki Mfg.*, 3 U.S.P.Q.2d 1889, 1890 (N.D. Ill. 1987); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).

To determine whether to stay, the Court is guided by the following factors: (1) whether a stay will simplify the issues in question and trial of the case; (2) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; and (3) whether discovery is complete and whether a trial date has been set. *See Pegasus Dev. Corp.*, 2003 WL 21105073, at *1; *Xerox Corp. v. 3 Comm Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999) (citing cases); *United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991). As discussed below, all three factors heavily weigh in favor of a stay pending conclusion of the PTO's reexamination of the five patents in suit in this action.

II. **A STAY WILL SIMPLIFY THE ISSUES IN QUESTION AND TRIAL OF THE CASE.**

The reexamination "will permit efficient resolution of questions about the validity of issued patents without recourse to expensive and lengthy infringement litigation." *Ethicon, Inc.*, 849 F.2d at 1426. A large number of potential efficiencies resulting from the reexamination process exist including: "(1) all prior art presented to the court at trial

will have been first considered by the PTO with its particular expertise, (2) many discovery problems relating to the prior art can be alleviated, (3) if patent is declared invalid, the suit will likely be dismissed, (4) the outcome of the reexamination may encourage a settlement without further involvement of the court, (5) the record of the reexamination would probably be entered at trial, reducing the complexity and the length of the litigation, (6) issues, defenses, and evidence will be more easily limited in pre-trial conferences and (7) the cost will likely be reduced both for the parties and the court." *Id.*; *Pegasus Dev. Corp.*, 2003 WL 21105073, at *2; *Gioello Enterprises Ltd.*, *v. Mattel, Inc.*, C.A. No. 99-375-GMS, 2001 WL 125340, at *1 (D. Del. Jan. 29, 2001) (citing *e.g., Braintree Laboratories, Inc. v. Nephro-Tech, Inc.*, C.A. No. 96-2459-JWL, 1997 WL 94237, at *9 (D. Kan. Feb. 26, 1997); *Hamilton Indus. v. Midwest Folding Products Mfg.*, C.A. No. 89-C-8689, 1990 WL 37642, at *1-2 (N.D. Ill. March 20, 1990) (citing cases)).

These potential economies exist in this case. There are thirteen patents in suit comprising a total of 589 claims and 175 asserted claims[4] as well as five defendants. The thirteen patents in suit include 94 priority claims to 46 earlier applications as a chain of continuations or continuations in part. To determine the effective date of the 175 asserted claims, disclosures of the 46 earlier applications must be individually reviewed in light of each asserted claim.

Also, many of the patents in suit, which are not subject to reexamination, share claim language and ancestry with those that will be reexamined. It is therefore likely that the reexaminations of the related applications will impact this Court's resolution of claim construction, enforceability and validity of the non-reexamined patents. *See Alloc, Inc. v.*

---

[4] On September 15, 2006, ATI served Plaintiff's Preliminary Claim Disclosure which asserted a total of 175 claims as to twelve patents in suit (Tab E).

*Unilin Décor N.V.*, C.A. No. 03-253-GMS, 2003 U.S. Dist. LEXIS 11917 at *2 (D. Del. July 11, 2003) (granting a stay based in part on correlation of unreexamined patents in suit with reexamined patents in suit).

If the asserted claims are amended during the reexamination, any change in the scope of the claims will impact the claim construction process and determination of infringing activity.[5]  If a stay of this case is granted, waste of judicial resources and the parties' funds addressing canceled or amended claims during the reexamination will be prevented.  The Court and the parties will benefit from reexamination results.

It is beyond dispute that reexamination as to the '387, the '080, the '248, the '414 and the '602 Patents will eliminate, clarify, or limit the asserted claims and simplify this extraordinarily complex case.  For all of these reasons, a stay of this case is the most compelling alternative.

### III. STAYS ARE ROUTINELY GRANTED AT EARLY STAGES IN THE PROCEEDINGS.

Courts routinely grant a stay at the early stage in the proceedings to avoid wasting "the time, resources, and significant efforts of all those involved." *Bausch & Lomb, Inc. v. Alcon Lab., Inc.*, 914 F. Supp. 951, 953 (W.D.N.Y. 1996); *Were v. Battenfeld Techs., Inc.*, No. 03-1471-AA, 2004 U.S. Dist. LEXIS 23250, at *3 (D. Or. Nov. 9, 2004); *Tap Pharma Prods, Inc. v. Atrix Labs, Inc.*, 70 U.S.P.Q.2d 1319 (N.D. Ill. 2004); *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).  Even after

---

[5]  Under 35 U.S.C. §§ 307(b) and 316(b), an accused infringer may be entitled to intervening rights with respect to amended or new claims that issue from the reexamination.  Reexamined claims that are not identical with the original claims cannot be enforced for the period prior to the issuance of the reexamination certificate.  *See Laitram Corp. v. NEC Corp.*, 952 F.2d 1357, 1360 (Fed. Cir. 1992).

much time and money has been spent, courts grant stays to prevent *further waste* of resources. *Gould*, 705 F.2d at 1341-42; *Emhart Indus.,* 1987 U.S. Dist. LEXIS 15033, at *1.

In this action, fact discovery is not scheduled to close until April 27, 2007. Although the trial date is already set, the trial is not scheduled to begin until February 4, 2008. No deposition has been taken and no substantive motions have been filed. No expert reports have been exchanged. The parties have not completed the claim construction process. The pleadings are not complete, as there may be additional parties added to this proceeding. On October 2, 2006, Honda filed the unopposed motion to bring in a third-party defendant, Takata, Inc ("Takata"). On the same date, TS Tech USA Corporation ("TS Tech") moved to intervene in this action pursuant to Fed. R. Civ. P. 24(b). Takata and TS Tech have not been added to the case or heard. A *Markman* claim construction hearing has not been held. Furthermore, the five reexamination requests were filed on November 27, 2006 only about two months after ATI identified the asserted claims. Defendants have not been dilatory. Defendants are moving for a stay immediately after the PTO granted three reexamination requests.

For all the reasons above, the early stage of the proceedings weighs in favor of a stay of this case.

**IV.   A STAY WOULD NOT UNDULY PREJUDICE OR PRESENT A CLEAR TACTICAL DISADVANTAGE TO ATI.**

When the plaintiff "affirmatively invoked the rights of the patent statute, they can hardly be heard now to complain of the rights afforded to others by that same statutory framework." *Pegasus Dev. Corp.*, 2003 WL 21105073, at *2. It is "beyond dispute that the court, as well as the parties, would benefit from a narrowing of the variety of complex

issues relating to the numerous claims at issue, which, if clearly defined, would streamline the discovery process and the remainder of the litigation." *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, C.A. No. 05-590-GMS, 2006 WL 2375035, at *6 (D. Del. Aug. 16, 2006).

ATI will not be unduly prejudiced by a stay of this action. ATI is a patent licensing and consulting company (D. I. 22, pp. 2-3; Exhibit 2, ¶ 4; Exhibit 3, ¶¶ 2-4, and Tab D). It does not compete in the industry with manufacturers of airbag control technologies. *Id.* Consequently, any delay will not impact any market for its non-existent products. All that ATI can likely obtain in this action if it is successful is money damages. Because it does not compete in the industry, an injunction is unlikely. *See Paice LLC v. Toyota Motor Corp.,* No. 2:04-CV-211, 2006 WL 2385139, at *5 (E.D. Tex. Aug. 16, 2006). In these circumstances, money damages would adequately compensate ATI for any harm caused by delay. *See Gioello Enter.*, 2001 WL 125340, at *2.

In contrast, if the parties continue to litigate this case, Defendants may suffer irreparable harm. If the Court finds that any of the asserted claims is not invalid and that Defendants have infringed it, and orders Defendants to pay damages for such infringement, then Defendants may have no ability to recover those damages if at a later date the PTO cancels the same claims. *Bausch & Lomb, Inc.*, 914 F. Supp. at 952.

Preparing the reexamination requests for 180 claims of the five patents required Defendants to invest an enormous expenditure of time and other resources. By filing reexamination requests, Defendants are not attempting to present a clear tactical disadvantage to ATI. Rather, Defendants intend to ensure that the Court as well as *the*

*parties* will not waste judicial resources and funds addressing canceled or narrowed claims during the reexamination.

## V.  REEXAMINATION PROVIDES AN INEXPENSIVE AND EXPEDIENT CHECK ON PATENT VALIDITY AND A STAY IS THE ONLY WAY TO AVOID INCONSISTENT RULINGS.

"Congress enacted the reexamination procedure to provide an inexpensive, expedient means of determining patent validity which, if available and practical, should be deferred to by the courts." *Digital Magnetic Sys., Inc. v. Ansley*, 213 U.S.P.Q. 290, 291 (W.D. Okla. 1982). Once a request for reexamination is granted, the PTO cannot stay the reexamination. *Gioello Enterprises Ltd.*, 2001 WL 125340, at *2; *Ethicon, Inc.*, 849 F.2d at 1426. Accordingly, "the court's issuance of a stay is the only way to avoid the potential for conflict." *Gioello Enterprises Ltd.*, 2001 WL 125340, at *2 (citing *Hamilton Indus.*, 1990 WL 37642, at *2). If the parties continue to litigate the validity of the claims in this Court, and the PTO reexamines some or all of the claims, the proceedings run the risk of inconsistent rulings or the issuance of an advisory opinion. *Id.* at *1-2.

In particular, the complex nature of this case warrants that the reexamination will serve its intended purpose. This case has the voluminous prosecution history of the thirteen patents in suit, numerous related patents, the large number of asserted claims, complex and long chains of priority claims, and the PTO's determination that all of the challenged claims of the three patents in suit have a substantial new question of patentability. *Pegasus Dev. Corp.*, 2003 WL 21105073, at *2. The PTO's additional layer of expert review will be particularly beneficial in this case.

In addition, the risks of inconsistent rulings may be particularly high in this case because the PTO determined a new question of patentability exists in view of the "old

art" that the examiner did consider or presumably considered during the prosecution. The courts are reluctant to second-guess the PTO examiner's expertise when no prior art other than that which was considered by the PTO examiner is relied upon for challenging the issued patent. *See American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359 (Fed. Cir. 1984). However, the PTO has determined that the old art still raises a substantial new question of patentability (*see* Tab A, ¶¶ 8-9, Tab B, ¶¶ 8, 13 and Tab C, ¶¶ 8-11). A stay of this case pending the outcome of the reexamination, accordingly, will minimize any risk of the issuance of inconsistent rulings or advisory opinions.

## CONCLUSION

The three factors considered in deciding motions to stay pending reexamination strongly favor a stay of this case: a stay will substantially narrow complicated issues; a stay will not unduly prejudice ATI; and discovery is not completed and the trial is not scheduled to begin until more than one year later. A stay pending outcome of the reexamination should be granted in this case.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Benjamin J. Schladweiler (#4601)*
_____
Thomas C. Grimm (#1098)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
tgrimm@mnat.com
bschladweiler@mnat.com
(302) 658-9200
    *Attorneys for Defendants*

OF COUNSEL:

Timothy Q. Delaney
Ralph J. Gabric
Miyoung Shin
Rickard DeMille
BRINKS HOFER GILSON & LIONE
NBC Tower - Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611
(312) 321-4200

January 23, 2007
699553

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

> Richard K. Herrmann, Esquire
> MORRIS, JAMES, HITCHENS & WILLIAMS LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on January 23, 2007 upon the following individuals in the manner indicated:

**BY EMAIL**

Richard K. Herrmann, Esquire
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801

Andrew Kochanowski, Esquire
SOMMERS SCHWARTZ, P.C.
2000 Town Center, Suite 900
Southfield, MI  48075

Michael H. Baniak, Esquire
MCDONNEL BOEHNEN HULBERT & BERGHOFF
300 South Wacker Drive
Chicago, IL  60606

*/s/ Benjamin J. Schladweiler (#4601)*
_____
Benjamin J. Schladweiler (#4601)
bschladweiler@mnat.com

699553