UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN HONDA MOTOR CO., INC., ELESYS NORTH AMERICA, INC. and GENERAL MOTORS CORPORATION, <br><br> Defendants. | Civil Action No. 06-187-GMS |

**ATI'S RESPONSE TO DEFENDANTS' MOTION TO STAY
PENDING RE-EXAMINATION**

This case concerns the infringement of twelve patents[1] assigned to Plaintiff ATI. The Defendants sought reexamination of five of the twelve patents being asserted by ATI. The USPTO has preliminarily indicated that reexamination will be instituted for four of these patents.

There are good reasons not to stay this lawsuit pending the resolution of reexamination of these patents. One is that the Defendants tacitly admit that they do not have a serious invalidity position as to the seven patents upon which reexamination was not sought. The case could easily progress on these remaining patents, perhaps with a severance and stay as to the patents undergoing reexamination.

Another reason not to stay is that there is no timetable for when the stay would end. Each of these patents will take its own course in reexamination, and any one of them could conceivably hold up progress in the litigation, for years.

While the reexamination process may change the scope of some claims at the USPTO, it may not. As for the patents not in reexamination, the likelihood of anything

---

[1] Defendants contend another patent, withdrawn by non-inclusion in the Amended Complaint, is somehow still in this case.

occurring in the USPTO having an impact on them is miniscule.  For example, there is hardly any chance of something occurring that would potentially influence the Court's *Markman* consideration of the non-reexamined patents.

Having considered the decisions involving stays pending reexamination issued by this District, as well as others, however, ATI recognizes that the weight of authority seems to be heavily in favor of a stay, at least as of this time.  Assuming the Court likewise is of the opinion that a stay is warranted until at least some of the reexamination proceedings are concluded, ATI would therefore propose that any stay be of a limited duration, and a status conference set every four months with the Court as an interim reporting measure.  Given the substantial overlap of patents with the co-pending lawsuit *ATI v. Hyundai Motor America et al*, C.A. No. 06-391 (GMS), that suit would also presumably be stayed in the same manner.

| | |
|---|---|
| February 9, 2007 | */s/ Richard K. Herrmann* <br> Richard K. Herrmann (I.D. No. 405) <br> Mary B. Matterer (I.D. No. 2696) <br> MORRIS JAMES LLP <br> 500 Delaware Avenue, Suite 1500 <br> Wilmington, Delaware  19801-1494 <br> (302) 888-6800 <br> rherrmann@morrisjames.com <br> mmatterer@morrisjames.com <br><br> Michael H. Baniak <br> MCDONNELL BOEHNEN HULBERT & BERGHOFF <br> 300 South Wacker Drive <br> Chicago, Illinois  60606 <br> 312-913-0001  Telephone <br> 312-913-0002  Facsimile |

Andrew Kochanowski
SOMMERS SCHWARTZ, P.C.
2000 Town Center, Suite 900
Southfield, Michigan 48075
(248) 355-0300  Telephone
(248) 936-2140  Facsimile

Attorneys for Plaintiff
AUTOMOTIVE TECHNOLOGIES INTERNATIONAL, INC.