# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

THOMAS C. GRIMM
302 351 9595
302 425 4661 Fax
tgrimm@mnat.com

February 15, 2007

**BY E-FILING**

The Honorable Gregory M. Sleet
United States District Court
 for the District of Delaware
844 King Street
Wilmington, DE 19801

    Re: *Automotive Technologies International, Inc. v. American Honda*
       *Motor Co., Inc., et al.*, C.A. No. 06-187-GMS

Dear Judge Sleet:

  In anticipation of the discovery conference scheduled for Friday, February 16, 2007, 2:00 p.m., we submit the following agenda items to be presented to the Court. (We did not receive comments from plaintiff on the content of the issues in this letter except an indication that plaintiff will not oppose the stay.)

  Defendants' Issues:

1. A stay of this suit pending re-examination of the patents-in-suit.

2. The need for a prosecution bar in the Protective Order and the question of access to confidential information by mock jurors and jury consultants;

3. The adequacy of the descriptions on ATI's privilege log;

4. The library of prior art maintained by ATI and documents showing the timing and manner by which this art was acquired (Document Request No. 6);

5. Documents in ATI's possession or control concerning the '022 patent (Document Request No. 35);

The Honorable Gregory M. Sleet
February 15, 2007
Page 2

    6.    Documents in ATI's possession or control concerning agreements and/or licenses pertaining to the field of technology relevant to this suit, which are subject to confidentiality agreements with third parties (Document Request No. 86);

    7.    Documents in the possession or control of ATI or the inventors of the patents-in-suit relating to the allegations in this case, including any documents relating to any financial interest that any named inventor may have (or had) in ATI, the patents, or this litigation (Document Request No. 109);

    8.    The status of ATI's production of the document it has agreed to produce in response to document requests (Requests Nos. 13, 45, 99, and 101) and subpoenas to the prosecuting attorneys, and supplementation of interrogatory responses (Interrogatory Nos. 4 and 5);

    9.    The adequacy of ATI's discovery response concerning secondary considerations relevant to obviousness (Interrogatory No. 9);

    10.    The adequacy of ATI's proposed claim constructions for the patents-in-suit (Interrogatory No. 1); and

    11.    ATI's objections to defendants' second set of document requests.

Respectfully,

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)

TCG
cc: Dr. Peter T. Dalleo, Clerk (by hand)
    Richard K. Herrmann, Esquire (by e-filing & e-mail)
    Timothy Q. Delaney, Esquire (by e-mail)
    Andrew Kochanowski, Esquire (by e-mail)
    Michael H. Baniak, Esquire (by e-mail)