IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AUTOMOTIVE TECHNOLOGIES INT'L, INC., ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | C.A. No. 06-187 GMS | |
| ) | | |
| AMERICAN HONDA MOTOR CO., *et al.*, ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |
| AUTOMOTIVE TECHNOLOGIES INT'L, INC., ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | C.A. No. 06-391 GMS | |
| ) | | |
| HYUNDAI MOTOR AMERICA, *et al.*, ) | | |
| ) | | |
| Defendants. ) | | |

**MEMORANDUM ORDER**

1.  Presently before the court is the plaintiff, Automotive Technologies International, Inc.'s ("ATI") motion to lift the stay entered in the above-captioned cases pending reexamination of the patents in suit by the United States Patent and Trademark Office (the "PTO"). (D.I. 82.) For the reasons that follow, the court will deny the plaintiff's motion.

2.  On March 17, 2006, ATI filed a patent infringement action against defendants, American Honda Motor Company ("Honda"), Elesys North America, Inc. ("Elesys") and General Motors Corporation ("GMC") (collectively, the "Honda Defendants") in Civil Action No. 06-187-

GMS alleging infringement of twelve patents. (D.I. 82 at ¶ 1.) In addition, on June 16, 2006, the plaintiff filed a second patent infringement suit against defendants, Hyundai Motor America ("Hyundai"), BMW of North America, LLC ("BMW"), and KIA Motors America, Inc. ("KIA") (collectively, the "Hyundai Defendants") in Civil Action No. 06-391-GMS, alleging infringement of eleven patents, ten of which were also asserted in Civil Action No. 06-187-GMS. (*Id.*) On December 8, 2006, the court consolidated these two cases. (*Id.*)

3. On November 27, 2006, the Honda Defendants sought, and the PTO ultimately granted, reexamination of eight of the twelve patents in suit. (D.I. 82 at ¶ 1.)

4. On January 23, 2007, the defendants filed a joint motion to stay this consolidated action pending reexamination of the patents in suit. (D.I. 65.) On February 23, 2007, the court entered an order granting the defendants' motion to stay. (D.I. 77.)

5. On October 28, 2008, ATI filed the instant motion to lift the stay entered in this consolidated action. (D.I. 82.) The parties completed briefing on this motion on December 1, 2008. (D.I. 85.)

6. In its motion, ATI contends that the stay should be lifted in this case because "a stay is no longer appropriate or necessary." (D.I. 82 at ¶ 7.) Specifically, ATI argues that because the PTO has reissued two of the patents in suit and decided at least fifty-one of the patent claims asserted in this litigation, "there is no basis to maintain the stay in this case." (*Id.*) ATI further argues that the PTO's reissuance of these two patents in suit "will simplify the issues before the court as much as they can be simplified." (D.I. 87 at 2.) ATI also argues that because this case has been pending for over two and one-half years, "[c]ontinuing the stay when fifty-one of the claims at issue have been reaffirmed without amendment by the PTO" is "unduly" prejudicial, and will only cause

"further delay" and a "tactical disadvantage" to them. (D.I. 82 at ¶ 8.)

7.  The defendants, on the other hand, contend that, among other things, the plaintiff's motion is "premature" and should, therefore, be denied. (D.I. 84 at 1.) Specifically, they argue that there are no new circumstances that warrant reconsideration of the court's earlier decision granting the stay. (*Id.* at 3.) In addition, the defendants note that, since thus far in the reexamination proceedings, *all* of the asserted claims have either been rejected or amended by the PTO, further reexaminations will likely continue to narrow the issues and disputed claims for trial. (*Id.*) The defendants further contend that continuing the stay in this case would not unduly prejudice ATI. (*Id.* at 3.)

8.  "When circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002) (citations omitted). Indeed, "the same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *Id.* (citations omitted). It follows that where there are no new circumstances that impose hardship on the plaintiff or that change the court's earlier disposition imposing the stay, the plaintiff's motion to lift the stay should be denied. *Id.* at 76-77.

9.  Here, after having considered the record in this case, the parties' submissions and the applicable law, the court concludes that the stay in this case should not be lifted. The court is not persuaded that there are any new circumstances or that any circumstances have changed such that the court's reasoning for imposing the stay no longer exists. As the defendants correctly note, reexamination proceedings are still underway for six of the eight asserted patents subject to reexamination, and these six patents contain more than 340 claims, including more than 140 claims

that stand rejected by the PTO. (D.I. 87 at 3.) In fact, in those six reexaminations, all of the claims presently asserted against the defendants stand rejected by the PTO. (*Id.*) Thus, it is highly likely that the reexamination of these remaining six patents will significantly affect the court's claim construction, and perhaps simplify the infringement and validity issues, if any, should they remain in the case moving forward.

10.   In addition to simplifying the issues for trial, continuation of the stay will also conserve judicial resources and spare the parties from wasting time litigating claims that are subsequently amended by ATI or invalidated by the PTO during reexamination. What's more, the court is also not convinced that ATI will be unduly prejudiced by continuing the stay in this case. Other than citing "further delay," ATI has failed to articulate any "hardship or [show] that the [PTO's] action immediately impacts [its] daily affairs." *Canady*, 271 F. Supp. 2d 64 at 76. As the defendants correctly point out, the "fact that ATI does not make or sell any product remains unchanged" and "there is no issue of irreparable harm caused by continuation of a stay." (D.I. 84 at 12.) Moreover, since the stay has been in place, the parties have not conducted extensive discovery in this case; neither has a fact discovery cut off nor a trial been scheduled. Indeed, there is no evidence that any additional costs have been incurred or spent for any these typically cost-intensive purposes. At this stage in the case, and in light of the ongoing reexamination proceedings, including the fact that six of the original twelve patents in suit remain subject to reexamination, the court is simply not persuaded that lifting the stay is justified at this time.

11. For the foregoing reasons, IT IS HEREBY ORDERED THAT:

the plaintiff's motion to lift the stay (D.I. 82) is DENIED.

Dated: September 15, 2009

_____
CHIEF, UNITED STATES DISTRICT JUDGE